### DANFORD SYKES *vs.* CATHERINE KEATING.

Hampden. Sept. 27. — Oct. 23, 1875. AMES & DEVENS, JJ., absent.

An attachment, properly made and returned, of real estate which has been fraud-ulently conveyed, is not defeated by the failure of the clerk of the court to enter in his attachment book the name of the grantee, as required by the Gen. Sts. *c.* 123, § 56.

Real estate, which had been fraudulently conveyed, was attached in an action against the grantor under the Gen. Sts. *c.* 123, § 55, and taken on execution, and was de-scribed in the officer's return, which set out that the notice of the sale was of land situated upon Union Street in a city. *Held*, that evidence that in the published notice of sale the premises were described as situated on Avon Street was not com-petent to contradict the return.

WRIT OF ENTRY, dated September 25, 1873, under the Gen. Sts. *c.* 103, § 48, to recover a parcel of land on Union Street, in Springfield, which was attached under the Gen. Sts. *c.* 123, § 55, as land of Munroe C. Heath, standing in the name of Jane A. Heath. Plea, *nul disseisin.* The case was submitted to the Superior Court upon the following agreed statement of facts :

The demanded premises were conveyed by Munroe C. Heath to his father, William Heath, on December 11, 1871, and by William Heath to Jane A. Heath, on December 14, 1871, both conveyances being subject to a mortgage for $800 to the Springfield Institute for Savings, which mortgage was afterwards paid by Jane A. Heath, who on July 1, 1872, mortgaged the premises to Adeline Bestor. On December 18, 1872, the demandant brought a suit against Munroe C. Heath upon a promissory note

signed by him, dated November 2, 1872, and the officer who served the writ returned a special attachment of the demanded premises as real estate of Munroe C. Heath, standing in the name of Jane A. Heath, but the name of Jane A. Heath was not entered upon the attachment book in the clerk's office as required by the Gen. Sts. c. 123, § 56. In all other respects the attachment was properly made and a copy of the writ deposited. Judgment was obtained against Munroe C. Heath at March term 1873, of the Superior Court, and execution was levied upon the demanded premises May 1, 1873, within thirty days from the date of judgment, and they were sold under said execution in the following September to the demandant.

It is also agreed, if it is competent to be proved against the demandant's objection, that in the notice of said sale, published in the Springfield Daily Union, the premises were described as on Avon Street instead of Union Street, which said notice contained, among other things, the following description : "All the right in equity that Munroe C. Heath," &c., " certain mortgaged real estate lying in said Springfield, described as follows : a certain lot of land situate on Avon Street in said Springfield, bounded northerly by said street, east by land of one Pease, south by land of L. S. Taylor, and west by land of one Connor, being the same premises described in deed from William Heath to Jane Heath and recorded in Hampden County Registry of Deeds, book 285, page 487. The legal or recorded title standing in the name of Jane A. Heath, the same being fraudulently conveyed by the said Munroe C. Heath."

The land was in fact situated upon Union Street, and was so described in the officer's return and the other papers and proceedings relating to the attachment and levy. There was no such street in Springfield as Avon Street, and the description of the property was in other respects correct. There was, however, an avenue opening out of one of the streets called Avon Place, but the other portions of the description were not applicable to said avenue.

The tenant claims title to the demanded premises under a deed of warranty from Jane A. Heath, dated July 14, 1873, subject to the mortgage to Adeline Bestor, which she assumed as a part of the consideration. The conveyance was for an adequate consid

eration, and was taken in good faith and without any knowledge of the attachment of the demandant, or of the levy of his execution against Munroe C. Heath.

The conveyances from Munroe C. Heath to William Heath, and from William Heath to Jane A. Heath, were made and accepted with a view to prevent the conveyed property from being attached by the then existing and future creditors of Munroe C. Heath.

If the demandant, upon the above statement of facts, has shown a valid title as against the tenant, then judgment is to be entered for the demandant; otherwise for the tenant.

Upon the foregoing facts, *Brigham*, C. J., ruled that the demandant was entitled to recover, and ordered judgment for him; and the tenant alleged exceptions.

*A. M. Copeland*, for the tenant.

*M. P. Knowlton*, for the demandant.

MORTON, J. The ground taken by the tenant, that the demandant's attachment was defeated because the clerk failed to enter in his attachment book the name of Jane A. Heath, as required by the Gen. Sts. *c.* 123, § 56, cannot be sustained. The statutes require that the officer making an attachment of real estate shall deposit the writ or a certified copy thereof, and so much of his return as relates to the attachment, in the office of the clerk of the courts, and expressly provide that no attachment shall be valid against a subsequent attaching creditor or *bonâ fide* purchaser, unless the writ or copy is thus deposited. Gen. Sts. *c.* 123, §§ 51, 52. They also require the clerk to note on the writ or copy the day, hour and minute when it is received, to file it in his office, and to enter on the attachment book the names of the plaintiff and defendant, the time when the attachment was made, the time when the writ or copy was deposited, and, if the attachment is of real estate fraudulently conveyed, the name of the person in whom the record title stands. Gen. Sts. *c.* 123, §§ 53–56. But the performance of those acts by the clerk is not made a condition precedent to the validity of the attachment. The fifty-fourth section, as amended by the St. of 1860, *c.* 70, provides that the attachment shall take effect from the time the writ or copy is deposited. When the officer has deposited the writ or copy, he has done all which the law requires him to do in order to make a valid attachment. The clerk is in no sense the

agent of the officer or plaintiff, and his failure to make the proper records according to the directions of the statute will not defeat the attachment.

The tenant offered to show that there was an error in the notice of the sale under the execution, as printed in the newspaper, the premises being described as situated on Avon Street instead of Union Street. But we are of opinion that this evidence was incompetent. The officer's return sets out that the notice of the sale was of land situated on Union Street, and it is conclusive upon parties and all persons in privity with them. It has uniformly been held that the officer's return of the acts done by him in the levy of an execution are thus conclusive. In *Chappell* v. *Hunt*, 8 Gray, 427, the officer returned that one of the appraisers was chosen by " Chester Cornwall, the attorney of the debtor," and it was held that it could not be shown that said Cornwall was not the attorney of the debtor and had no authority to act for him. In *Campbell* v. *Webster*, 15 Gray, 28, it was held that the officer's return was conclusive evidence as to the competency of the appraisers, and could not be impeached by showing that one of them was not disinterested. The same principle was recognized in *Dooley* v. *Wolcott*, 4 Allen, 406, and *Hannum* v. *Tourtellott*, 10 Allen, 494. The case of *Whitaker* v. *Sumner*, 7 Pick. 551, more closely resembles the case at bar. In that case the notice of the sale published in the newspaper did not in fact specify any place of sale, but the officer's return stated that he had advertised the place of sale. It was held that the return was conclusive, that the equity of redemption passed by the sale, and that the plaintiff, who was a subsequent attaching creditor, could maintain an action against the officer for a false return. The case of *Wolcott* v. *Ely*, 2 Allen, 338, is not in conflict with these adjudications. That case was submitted upon an agreed statement of facts, in which the parties agreed that one of the appraisers was not disinterested. The court, in the opinion, say : " It was held in *Boston* v. *Tileston*, 11 Mass. 468, that where the parties in an agreed statement of facts agree to a fact decisive of the title, the officer's return, which would have been conclusive evidence upon a trial between them, is not to be regarded." This is not in conflict with, but clearly recognizes the general rule that, in a trial between parties the officer's return, when used in evidence, is conclusive.

Without considering whether the error alleged to have been made in publishing the notice of sale in this case would avoid the levy, if it could legally be shown, we are of opinion that the officer's return cannot be contradicted, and that the sale under the levy passed the equity of redemption in the demanded premises to the demandant.                *Exceptions overruled.*