ARTHUR BARROWS *vs.* THE NATIONAL RUBBER COMPANY.

The decision of this court heretofore given in *Barrows* v. *The National Rubber Company*, 12 R. I. 173, affirmed.

An officer's return on an execution is, until changed by proper proceedings operating directly on the record, conclusive upon the parties to the action in which the execution issued, and also upon an assignee of one of the parties who takes from him, *pendente lite*, property attached in the action.

*Angell* v. *Bowler*, 3 R. I. 77, and *Estes* v. *Cooke*, 12 R. I. 6, affirmed.

PETITION for a rehearing of a bill in equity. The facts and former proceedings are reported in 12 R. I. 173.

*June* 18, 1880. DURFEE, C. J. The defendants petition for a rehearing, for error in the former decision and to correct an erroneous admission.

1. They contend that the court erred in holding that the sale was duly advertised. The statute requires that the sale shall be advertised for ten days. The sale was so advertised. The statute was literally observed. But during the ten days there was a change in the advertisement, which, however, according to the admission under which the case was tried, was purely formal, it being admitted that the same property of the execution debtor was advertised to be sold at the same time and place and in the same manner throughout. Nevertheless, inasmuch as the efficacy of a notice is sometimes dependent on its form, we thought it

was proper to consider whether this advertisement could have been any less efficacious because it was not published continuously in the same form. We came to the conclusion that the possibility of detriment from this cause was inappreciably minute, and that therefore the statute had been complied with, not only in its letter, but also in its spirit and purpose. We are not convinced that this conclusion was erroneous.

2. We see no reason to doubt the correctness of our decision on the second point. The preëmption clause relates in terms only to stockholders. A sheriff does not sell the stock for the stockholder nor in his name, and he gets his power to sell not from the stockholder but from the State, and is obliged by the general law of the State to sell in a manner which is incompatible with the requirement of the preëmption clause. The clause therefore cannot be construed to bind him by implication.

3. The defendants cite cases to show that the court erred in not dismissing the bill for the want of a previous demand. The cases cited are cases at law. The proceeding here is in equity, primarily for a discovery of the number of shares which belonged to the execution debtor at the time of the attachment, and of the profits and dividends which have since accrued on them. No demand in any definite form could have preceded the discovery. Moreover, the answer denies the legality of the sale, and claims that the corporation under the preëmption clause, if the sale was valid, has a right to take the stock at the price for which it was sold, and that long prior to the suit the corporation had asserted this right and still insisted on it, thus showing that a previous demand would have been an empty form without effect. The court does not require any demand as a prerequisite to a suit under such circumstances. *Hunter* v. *Daniel*, 4 Hare, 420, 433.

4. The other ground for rehearing is that the admission made at the hearing, that the shares of stock belonging to the execution debtor were the same in October as in September, 1867, was a mistake, the fact being that the debtor transferred his shares October 1, 1867, though the transfer has never been recorded.

The complainant contends that a rehearing is not grantable on this ground, because the return on the execution, which sets forth

the notice as having been given for ten days in the form in which it was finally advertised, cannot be contradicted by extrinsic evidence. In *Angell* v. *Bowler*, 3 R. I. 77, it was decided that an officer's return on an original writ cannot be controverted by the defendant except as provided by statute; and in *Estes* v. *Cooke*, 12 R. I. 6, it was decided that the return on an execution was conclusive on the parties in a subsequent action. In other States, with two or three exceptions, the rule is that the return is conclusive on parties and privies until set aside in some direct proceeding. *Swift* v. *Cobb*, 10 Vt. 282; *Bates* v. *Willard*, 10 Met. 62, 80; *Campbell* v. *Webster*, 15 Gray, 28; *Whitaker* v. *Sumner*, 7 Pick. 551; *Sykes* v. *Keating*, 118 Mass. 517, 520; *Bamford* v. *Melvin*, 7 Me. 14; *Huntress* v. *Tiney*, 39 Me. 257; *Messer* v. *Bailey*, 31 N. H. 9; Herman on Executions, § 242. The return is in fact a part of the record, and while it stands is as conclusive as any other part of it. In the case at bar, of course, the transferee of the stock, having purchased it pending the attachment, is as absolutely concluded by the return as the debtor from whom he purchased, being in privity with him. *Campbell* v. *Webster*, *supra*. We think, therefore, that the defendants are not entitled to a rehearing on this ground, and that their petition for it must be dismissed.            *Petition dismissed.*

     *William H. Clapp*, for complainant.

     *A. & A. D. Payne*, for respondent.