S. N. MAXCY MANUFACTURING CO.

*vs.*

ALBERT G. BOWIE, and others.

Kennebec.　Opinion May 10, 1902.

*Bail Bond.　Writ.　Scire Facias.　R. S., c. 85, § 1.*

The provision of R. S., c. 85, § 1, requiring the clerk of court to note on the writ that a bail bond taken on mesne process is filed, is directory and not mandatory.

No time for such noting on the writ is fixed by the statute, nor is any penalty imposed for the neglect, nor any provision for any effect upon the bail bond in case of omission.

Exceptions by defendants.　Overruled.

Scire facias upon a bail bond. The bond was returned to court with the writ, but the clerk failed to note on the writ of mesne process that it was so filed, as required by R. S., c. 85, § 1, as follows:—"The bond shall be returned with the writ, and the clerk shall note on the writ that a bail bond is so filed."

The justice of the superior court, where the case was tried, ruled that this statute is directory only and that the omission to note the filing on the writ was not fatal to the action, and gave judgment for the plaintiffs. The defendants took exceptions to these rulings.

*G. W. Heselton,* for plaintiff.

*S. S. & F. E. Brown,* for defendants.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, PEABODY, JJ.

STROUT, J. Scire facias on a bail bond given upon arrest upon writ. The bond appears to have been returned to court with the writ, but the clerk failed to note on the writ that it was so filed, as required by R. S., c. 85, § 1. Defendants claim that this omission is fatal.

This precise question arose in *Ruggles* v. *Berry,* 76 Maine, 265. Of the six justices who sat in that case, three held the omission to be fatal, and the other three dissented. No decision was reached— the case going off upon another point. The question, therefore, presents itself as undecided.

The clerk is an officer of the court. The plaintiff in the original suit had no control over him, and could hardly be required to overlook him and see that he discharged his duty. No time for noting on the writ is fixed by the statute, nor is any penalty imposed for the neglect, nor any provision for any effect upon the bail bond, in case of omission. Although the language of the statute is imperative, such omission of duty by an officer of the court, without fault of the party, may be regarded as directory. It is not perceived that any harm can result to any party by so holding. The bond was in fact returned to court with the writ, and presumably remained on the files of the court. A noting of that fact on the writ, would only afford evidence that fully appears upon inspection of the papers on file. The rule is well stated by LIBBEY, J., in *State* v. *Smith,* 67 Maine, 332:

"In general, when a statute imposes upon a public officer the duty of performing some act relating to the interests of the public, and

fixes a time for the doing of such act, the requirement as to time is to be regarded as directory, and not a limitation of the exercise of the power, unless it contain some negative words, denying the exercise of the power after the time named; or from the character of the act to be performed, the manner of its performance, or its effect upon public interests or private rights, it must be presumed that the legislature had in contemplation that the act had better not be performed at all, than be performed at any other time than that named." Accordingly, it was there held that the statute which provided that "venires for grand jurors to serve at the Supreme Judicial Court shall be issued forty days at least before the second Monday of September annually," was directory.

We agree with the justice of the superior court, that this provision of the statute is directory and not mandatory, and that the clerk's omission to note on the writ the filing of the bail bond does not defeat this action. *Sykes* v. *Keating,* 118 Mass. 517; *Mutual Life Insurance Co.* v. *Dake,* 87 N. Y. 257.

One other objection is taken by defendants. The original judgment was rendered upon default. On a petition for review the court found that the judgment was for twenty-five dollars and seventy-nine cents too much, and dismissed the petition for review on condition that that amount should be indorsed upon the execution, which was subsequently done. It is not claimed that the judgment was in excess of the ad damnum, as in *Ruggles* v. *Berry,* supra. It was therefore a valid judgment, until reversed. It has not been reversed, but its amount has been reduced by the act of the creditor. The sureties on the bail bond cannot complain.

*Exceptions overruled.*