ETTA L. HENDRICKS *vs.* EDWIN L. SHAW & others.

KATHERINE S. DOWNER *vs.* RAYMOND D. HENDRICKS & another.

Hampden.    November 3, 1927.— January 11, 1928.

Present: BRALEY, CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Attachment,* Of real estate. *Officer,* Amendment of return. *Bona Fide Purchaser.*

A wife, who deposits for record in the appropriate registry of deeds an order by the Probate Court, entered in proceedings for separate maintenance instituted by her, for an attachment of her husband's real estate, is an attaching creditor and has the rights of a purchaser for value as to a surplus remaining in the hands of a mortgagee under a mortgage prior to the attachment after a sale in foreclosure.

Such rights, under G. L. c. 223, §§ 63, 66, are subject to an attachment of the real estate in an action at law only if the officer attaching in that action, previous to the deposit of the wife's copy of the order of the Probate Court in the registry of deeds, has deposited there a certified copy of the writ under which he makes his attachment.

Even if such attaching officer's deposit of a copy precedes the wife's, if it recites that the *ad damnum* in the writ under which he is acting is $300, when in fact it is $3,000, that attachment has priority over the wife's attachment only in the amount of $300, although three days after the filing of the erroneous certificate, but after the copy of the wife's attachment was filed in the registry, the officer files a motion to amend his return to accord with the facts.

Two BILLS IN EQUITY, filed in the Superior Court respectively on July 24, 1924, and October 14, 1924, to enforce liens upon a surplus in the hands of a mortgagee after sale in foreclosure of a mortgage of real estate.

The suits were heard together upon an agreed statement of facts by *Callahan*, J. Material facts and decrees entered by order of the judge are stated in the opinion. Katherine S. Downer appealed.

The case was submitted on briefs.

*C. S. Ballard & C. J. Weston*, for Katherine S. Downer.

*J. L. Gray*, for Etta L. Hendricks.

CARROLL, J. These are two suits in equity to enforce liens upon the surplus, in the hands of Edwin L. Shaw, mortgagee, of proceeds from a foreclosure sale of real estate belonging to Raymond D. Hendricks.

Katherine S. Downer (the plaintiff in one of the suits in equity) brought an action against Hendricks by a writ dated June 18, 1924. His real estate was attached at 1:30 in the afternoon of June 18, 1924, and on the same day at 1:54 the attaching officer filed in the registry of deeds "a copy of the said writ together with his return of attachment made thereon." The entry book of the register of deeds showed this attachment was for $300. Later, on June 21, the officer made another attachment of Hendricks's real estate upon the same writ, and filed in the registry of deeds "a true copy of the original writ together with his return of attachment thereon." This attachment of June 21 was for $3,000. He also filed a motion to amend his return in the original action. Katherine S. Downer recovered judgment against Hendricks in the sum of $2,342.01. Etta L. Hendricks, in separate support proceedings against Hendricks, recorded an order of attachment of his real estate at 2:18 P.M. on June 18, in the sum of $4,000. Hendricks was ordered to pay his wife $125 forthwith and $25 each Monday thereafter. Under this decree there was due her $3,300.

The trial judge found that Mrs. Hendricks at the time of her attachment stood in the position of a purchaser for value; that her attachment had priority of the second attachment made by Katherine S. Downer; that the latter was entitled

to a decree ordering the defendant Shaw to pay her $300 less his costs; that Mrs. Hendricks was entitled to a decree ordering Shaw to pay her the sum remaining in his hands after deducting the sum paid the plaintiff Downer, his costs, and his costs in the equity suit. A decree according to this order was entered in each case. From these decrees the plaintiff Downer appealed.

The plaintiff Downer contends that though the record of the first attachment was for $300, it was in fact for $3,000; that she is entitled to the entire fund in the hands of Shaw less taxable costs; that the record of her attachment subsequent to June 18 made her attachment good against subsequent attaching creditors.

By G. L. c. 223, § 63, no attachment of land is valid against a subsequent attaching creditor or against a subsequent purchaser in good faith and for value, unless the officer deposits a certified copy of the original writ in the registry of deeds for the county or district where the land lies. By § 66, if the copy of the writ is deposited within three days after the day the attachment is made, the attachment takes effect from the time it is made, but attachments of land shall not be valid against purchasers in good faith and for value "except from the time when the copy is deposited as aforesaid."

When the attachment was made by Mrs. Hendricks, the only recorded attachment in the Downer action was for $300. Mrs. Hendricks was an attaching creditor and had the rights of a purchaser for value. Her rights as such were not affected by the subsequent attachment in the Downer action. *Hill* v. *Hill*, 196 Mass. 509. An attaching creditor stands in the position of a purchaser for value and an attachment made by him and recorded takes precedence over an attachment subsequently recorded. *Waltham Co-operative Bank* v. *Barry*, 231 Mass. 270, 272, 273. *Hillside Co-operative Bank* v. *Cavanaugh*, 232 Mass. 157, 161. The motion to amend the return did not deprive Mrs. Hendricks of her rights under the attachment. See *Stark* v. *Boynton*, 167 Mass. 443; *Jeselsohn* v. *Park Trust Co.* 241 Mass. 388; *Burke* v. *McLaughlin*, 246 Mass. 533, 538.

The appellant relies on *Jones* v. *Mitchell*, 158 Mass. 385. The facts in that case distinguish it from the case at bar.

In each case the decree is affirmed with costs.

*Ordered accordingly.*