HARRIETT B. HIGGINS & another *vs.* ADELARD SAVOIE & another.

CLARA AGNES WASSERMAN & another *vs.* SAME.

Suffolk.    October 2, 1934. — November 28, 1934.

Present: CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Attachment,* Dissolution.    *Clerk of Court.*

A certificate of a clerk of court with respect to a certain action, the writ in which was returnable to the court on the first Monday of December, 1930, and which was entered late on December 29, that he had "carefully examined the indexes of suits entered in" the court of which he was clerk "from the first Monday of December, A. D. 1930 unto the first Monday of January, A. D. 1931, both dates inclusive, and" that he did "not find that any such action has been entered herein during that period," was not a certificate, within the provisions of G. L. (Ter. Ed.) c. 223, § 132; that the action had

"finally been determined" and did not dissolve an attachment of certain real estate of the defendant made in such action; and, after the plaintiff therein had recovered judgment and there had been a levy on the real estate based on the attachment, a suit in equity could not be maintained, by one who in 1931 had purchased the real estate in reliance upon the effect of the recording of such certificate in the registry of deeds, to remove what was alleged to be a cloud on the title created by the levy.

Two BILLS IN EQUITY, filed in the Land Court on March 21, 1934, and described in the opinion.

Demurrers by the defendants were heard by. *Corbett,* J., and there were entered interlocutory decrees sustaining the demurrers and final decrees dismissing the bills. The plaintiffs appealed.

*H. H. Ham,* (*W. F. Levis* with him,) for the plaintiffs Wasserman and another.

*E. W. Ogden,* for the plaintiffs Higgins and another.

*B. J. Killion,* for the defendants.

CROSBY, J. These are bills in equity brought in the Land Court to remove clouds upon the title to two parcels of real estate situate in Newton in this Commonwealth. The real estate is shown respectively as lot G-1 and lot G-3 on a plan recorded with Middlesex South District Deeds, book 5420, page 108. The bills are substantially similar. In the first case the plaintiff Higgins alleges that she is the owner of the equity of redemption in lot G-1; that she obtained title thereto by foreclosure deed from the plaintiff The Attleborough Savings Bank dated December 17, 1931, and duly recorded, under foreclosure of a mortgage given to said bank by Frederick M. Joyce and Margaret M. Joyce, his wife, in her own right on March 3, 1931. The plaintiff The Attleborough Savings Bank alleges that it is the holder of a mortgage on lot G-1 given by the plaintiff Higgins dated December 17, 1931, and duly recorded. In the second case the plaintiff Wasserman alleges that she is the owner of the equity of redemption in lot G-3; that she obtained title thereto from Margaret M. Joyce by deed dated January 13, 1931. The plaintiff The North Brook-field Savings Bank alleges that it is the holder of a mortgage on lot G-3 given by Margaret M. Joyce in her own right,

and Frederick M. Joyce, her husband, dated January 5, 1931, and duly recorded.

It is further alleged, in substance, and found by the trial judge, that the defendant Adelard Savoie began an action against said Margaret M. Joyce and Frederick M. Joyce as principal defendants, and Joseph A. Butler as trustee, by writ returnable on the first Monday of December, 1930, in the Superior Court for the county of Suffolk; that on October 23, 1930, by virtue of said writ the sheriff attached all the right, title and interest that the defendants Joyce, or either of them, had in and to any and all real estate in the county of Middlesex, and said attachment was filed in the registry of deeds for the county of Middlesex. On that date Margaret M. Joyce was the owner of lots G-1 and G-3. It further appears that on or about January 8, 1931, counsel for the plaintiff in the second case was given by the clerk of the Superior Court for the county of Suffolk a certificate with respect to said action of Adelard Savoie against Margaret M. Joyce and Frederick M. Joyce. The certificate was in the following words: "I hereby certify that I have carefully examined the indexes of suits entered in said Court from the first Monday of December, A. D. 1930 unto the first Monday of January, A. D. 1931, both dates inclusive, and do not find that any such action has been entered herein during that period. WITNESS my hand and the seal of said Superior Court, at Boston, in said County and Commonwealth, this eighth day of January, A. D. 1931. GEORGE A. SCHEELE, Asst. Clerk. (Court Seal)." The certificate was filed for record in the Middlesex registry of deeds on January 13, 1931. The trial judge found that the plaintiffs in each case took their respective titles relying on the effect of the filing for record of the clerk's certificate to discharge said attachment. The writ in the case of Adelard Savoie against Margaret M. and Frederick M. Joyce in fact was entered late on December 29, 1930.

The plaintiffs in both cases allege that the defendant Herbert C. Blackmer, as deputy sheriff of Middlesex County, filed in the Middlesex South District registry of deeds an instrument purporting to be a levy of an execu-

tion for a judgment in the Suffolk Superior Court recovered by Adelard Savoie, February 19, 1934, against Frederick M. Joyce and Margaret M. Joyce, reciting therein that on February 21, 1934, said deputy sheriff made a levy of such execution on the right, title and interest that Margaret M. Joyce had on October 23, 1930, the date of the attachment, in said lot G-1 and lot G-3, and that counsel for the defendant Savoie intends to proceed with the levy so filed; that the filing of the levy has created a cloud on their respective titles, and that further proceedings thereunder will so operate, and they pray that the cloud on their respective titles by reason of said levy and proceedings thereon be removed.

The defendants in each case filed a demurrer, a plea, and an answer. All were of similar tenor, and the cases were tried upon these pleadings. There does not seem to be any dispute as to the facts. The judge sustained the demurrers in each case, and there were entered interlocutory decrees accordingly, and final decrees dismissing the bills. From these decrees the plaintiffs respectively appealed.

It appeared that the statement in the certificate of the clerk was erroneous, as Savoie had on October 23, 1930, effectively attached all the right, title and interest which Margaret M. Joyce had in or to the lots G-1 and G-3. (G. L. [Ter. Ed.] c. 223, § 66.) The writ was entered late on December 29, 1930. The plaintiffs rely upon G. L. (Ter. Ed.) c. 223, § 132, which provides in part as follows: "An attachment of real estate shall be dissolved by . . . a certificate from the clerk of the court in which the action was pending that the attachment has been dissolved or that the action has finally been determined." The question is whether the certificate here considered is a "certificate . . . that the attachment has been dissolved or that the action has finally been determined." The certificate simply states that after a careful search the clerk has found no record of the entry of the action. It does not refer to the attachment, and it is not a certificate that the attachment has been dissolved, unless this follows from the fact that the writ has not been entered. An action is in a sense terminated by failure to enter the writ, if it can be said to

have been before the court at all. But this alone does not
show that it has "finally been determined" within the
meaning of G. L. (Ter. Ed.) c. 223, § 132. "Final disposi-
tion" and "non-entry of the writ" are treated as distinct
in a similar statute. G. L. (Ter. Ed.) c. 184, § 16, provides:
"At any time after final judgment or a decree in favor
of the defendant, or after the discontinuance, dismissal or
other final disposition . . . of a proceeding mentioned in
the preceding section, or in case of the non-entry of the
writ . . . the clerk of the court . . . shall upon demand
give a certificate of the fact of such . . . final disposal or
non-entry, and such certificate may be recorded · in the
registry in which the original record mentioned in said
section was made." It is plain that a certificate of non-
entry under G. L. (Ter. Ed.) c. 223, § 132, is of a differ-
ent kind from certificates as to other transactions, such
as a final disposition by judgment, dissolution by the
giving of a bond, or by the deposit of the amount of
the *ad damnum,* which clearly fall within the section. We
are of opinion that it was not the intention of the Legis-
lature that the risk of such a mistake as occurred in the
present cases should be borne by the prior attaching
creditor, who has not been guilty of any fault or negligence.
In analogous situations this court has uniformly held in
favor of a person who has done all he could do to have a
transaction recorded, as against a subsequent creditor or
purchaser who has relied on an erroneous record. *Tracy* v.
*Jenks,* 15 Pick. 465. *Ames* v. *Phelps,* 18 Pick. 314. *Jordan*
v. *Farnsworth,* 15 Gray, 517. *Fuller* v. *Cunningham,* 105
Mass. 442. *Hayden* v. *Peirce,* 165 Mass. 359. Where an
attachment of real estate was properly made and returned,
and the clerk of the court failed to enter the name of the
grantee in his attachment book, the attachment was held
to be valid as against a subsequent purchaser from the
grantee. *Sykes* v. *Keating,* 118 Mass. 517. In cases like
the present the prospective purchaser may protect himself.
If the writ is not entered the action may be dismissed on
motion of the defendant. G. L. (Ter. Ed.) c. 231, § 13.
This dismissal will appear on the records of the court, and

if no purchase is made until this is done, the purchaser will be protected. The case of *Cardival* v. *Smith*, 109 Mass. 158, is not contrary to what is here decided. The considerations governing the interpretation of the statute in the present cases are plainly different from those applicable to the decision of that case.

G. L. (Ter. Ed.) c. 184, § 16, cited by the plaintiffs, is not applicable to the cases at bar. By that section the clerk is authorized to give only a certificate of the fact of nonentry, which fact in the present cases did not exist. See *Siegemund* v. *Building Commissioner of Boston*, 263 Mass. 212, 214.

The plaintiffs do not raise any question because the action in which the attachment was made was entered late. See *Lemieux* v. *Lincoln*, 204 Mass. 55.

It follows from what has been said that the demurrers to the bills were rightly sustained, and that the interlocutory decrees, and the final decrees dismissing the bills must be affirmed.

*Ordered accordingly.*