**D. Richard TRAGER, Applicant, Appellant,**

v.

**HIEBERT CONTRACTING CO. et al., Appellees.**

**No. 6370.**

United States Court of Appeals First Circuit.

Dec. 31, 1964.

Elliott H. Stone, Boston, Mass., with whom Julius Stone and Edward Rudnitsky, Boston, Mass., were on brief, for appellant.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges

ALDRICH, Circuit Judge.

■ Plaintiff Hiebert Contracting Co., a Montana corporation, brought suit in the district court for the district of Massachusetts against Jack Trager, hereafter defendant, for breach of contract. Apparently it instructed the U. S. Marshal to make an attachment of defendant's lands in Essex County. A deputy marshal[1] on October 4, 1963 made a return and filed a document in the Essex Registry. On December 4, 1963 D. Richard Trager, the present appellant, hereafter Trager, acquired some land in Peabody, Essex County, Massachusetts, in which defendant had a record interest. On March 20, 1964 Trager filed a petition to intervene in Hiebert's suit. Construing his somewhat ambiguous allegations broadly, he asserted that the defendant might defend inadequately, as a result of which Hiebert might seek to impress its recovery upon Trager's real estate. Alternatively, he alleged that the purported attachment was defective, causing it to be improperly recorded, which had resulted in his not discovering its existence until after December 4, 1963, but that the proceedings, though invalid, constituted a cloud upon his title. Strictly, this alternative position was made more clear in a second motion, contemporaneously filed, to dissolve the attachment. Thereafter the district court apparently permitted the marshal, ex parte, to make certain corrections. We will make no further reference to this event as obviously it could not affect Trager's rights, which were fixed by the circumstances as they existed at the date he acquired title. Hendricks v. Shaw, 1928, 262

Mass. 284, 159 N.E. 620. The district court denied both motions, without opinion, and Trager appealed. Hiebert and the defendant entered an appearance in this court, and stipulated to the record, but have done nothing further.

■ We see no possible basis for a contention that Trager has a right to strengthen defendant's allegedly faltering conduct of the principal action. As to this he is, or is not, a stakeholder, and must abide the outcome. His only claim on this aspect of the case is under F.R. Civ.P. 24(a) (2), which permits intervention "when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action." Nothing presently in dispute will determine Trager's interest in his real estate. Cf. Cameron v. President and Fellows of Harvard College, 1 Cir., 1946, 157 F.2d 993; Palmer v. Guaranty Trust Co., 2 Cir., 1940, 111 F.2d 115. If every person who fears he may be holding the stake could forthwith share dominion over the defense of the principal action we would have too many cooks working at cross purposes over the broth, or, at the least, struggling for a place at the stove. Trager should perhaps have looked more closely at the menu at the registry of deeds.

■ It does not follow that Trager may not intervene for some other purpose. He alleges he presently wishes to dispose of his property and that the attachment incubus constitutes a cloud on his title. F.R.Civ.P. 24(a) (3) permits intervention "when the applicant is so situated as to be adversely affected by a distribution or other disposition of property which is in the custody or subject to the control or disposition of the court or an officer thereof." The usual situation to which this applies is where the court clearly controls the property and a claimant wishes to obtain all or a part of it. See, e. g., Plitt v. Stonebraker, 1952, 90

---

1. A point is sought to be made of the fact that the return is signed by the deputy as agent for the marshal rather than in his own capacity. There is no merit in this.

U.S.App.D.C. 256, 195 F.2d 39; Hoyt v. Empire Oil & Refining Co., D.C.E.D. Mich., 1943, 52 F.Supp. 744, aff'd mem., 6 Cir., 145 F.2d 234. However, a party in Trager's position is entitled to seek relief, and we do not see why it should not be by way of this rule.[2] Cf. Krippendorf v. Hyde, 1883, 110 U.S. 276, 287, 4 S.Ct. 27, 28 L.Ed. 145.

■■■■ Turning to the merits, and leaving aside certain clearly insubstantial matters, Trager, in part by petition for rehearing, makes the following point. Pursuant to Mass. G.L. c. 223 § 63 the marshal in October deposited a certified copy of the original writ of attachment in the Essex Registry of Deeds. The statute further provided that he should deposit a copy of "so much of his return thereon as relates to the attachment of the estate * * *." This he did, also. The return recited,

"Pursuant hereunto I have this day at 9 o'clock and no minutes a.m. attached all the right, title, and interest in any and all real estate belonging to or standing in the name of the within named defendant Jack Trager, 5 Hathaway Rd. Marblehead and more particularly the land of Jack Trager standing in the name of Edith Trager located in the Town of Marblehead, Essex County, Massachusetts, bounded and described as follows:" (followed by a metes and bounds description).

Unfortunately, he added the further words, "And I levied this Execution thereupon."

The marshal's addition was error. The original document (and copy) was not an execution, but unambiguously an attachment in customary form, and was so headed. The prior recital in the return, equally plainly, showed that the marshal had made the attachment. Nevertheless, quite possibly because of the presence of the word "Execution," the registry clerk indexed the document as an execution and not as an attachment, and added that it related to land in Marblehead. This was a compound error because, as already stated, the return specifically made a general attachment not restricted to Marblehead.[3] Trager asserts that because the index gave him no notice of an attachment of land in Peabody he failed to examine the original document. It is quite true that had it been an execution there would have been no blanket coverage. Mass. G.L. c. 236, § 23.[4] However, under Massachusetts law an error in indexing at the registry, if the proper filing has been made by the officer, does not invalidate the attachment. The loss falls on the subsequent purchaser. Sykes v. Keating, 1875, 118 Mass. 517.[5] In his petition for rehearing Trager does not dispute this principle, but says that it is inapplicable because what the marshal filed was not in compliance with the statute. We cannot agree. This is not a case where the

2. This is not to say that in the appropriate case the court might not allow the intervention and postpone decision until the principal case was disposed of if such eventuality seemed imminent.

3. Under Mass.G.L. c. 223, § 62, a general attachment reaches all lands within the jurisdiction of the registry standing in the name of the defendant. Under section 67, if it is claimed that the defendant's property has fraudulently been put or kept in the name of another, there must be a description of the land by metes and bounds or by an adequate substitute. We know no reason why both attachments cannot be combined in one writ and one return.

4. We need not presently consider whether Trager nonetheless should have been alerted to something awry by the fact that the index did not furnish what is perhaps the customary short, but detailed description of the locus in the case of executions, but, instead, referred to the U. S. District Court.

5. This case is relatively old, but the statute has not been changed in any relevant manner. Mass.G.L. c. 233, §§ 63–66; cf. L. L. Brown Paper Co. v. Department of Public Works, 1953, 330 Mass. 496, 115 N.E.2d 496; Higgins v. Savoie, 1934, 288 Mass. 463, 467, 193 N.E. 238.

marshal filed an incorrect copy of the writ, Hendricks v. Shaw, 1928, 262 Mass. 284, 159 N.E. 620, or made an incomplete return. We could not say that he failed to comply with the statute, or, rather, that compliance was destroyed because he thereafter added the word "execution," a description manifestly erroneous, and apparently so, on the face both of the document itself and of the return. See Frazee v. Nelson, 1901, 179 Mass. 456, 461, 61 N.E. 40.

Nor, in our opinion, if the issue is legally relevant, was the marshal's mistake such that it led reasonably to the registry's error. The mistake should have been obvious to anyone having the minimum familiarity to be expected of an indexing clerk.

Judgment will be entered affirming the order of the District Court.