COMPAÑÍA DE FIANZAS DE PUERTO RICO, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, GUAYAMA PART, CARLOS MALDONADO CASILLAS, JUDGE, Respondent.

No. O-70-194.      Decided October 18, 1971.

*E. Martínez Rivera* for petitioner. *Baragaño, Trías, Saldaña & Francis* and *C. Arzuaga Algarín* for Banco Popular de Puerto Rico, intervener.

MR. JUSTICE DÁVILA delivered the opinion of the Court.

On August 20, 1969, the Guayama Part of the Superior Court rendered judgment in a case for recovery of money in favor of the plaintiff Banco Popular against Víctor E. Silva. On September 19, 1969, the judgment became final and unappealable. On September 3, 1969, the trial court ordered the attachment of the amounts owed to the defendant by the Municipality of Guayama. On April 17, 1970, the Compañía de Fianzas de Puerto Rico filed a motion for intervention alleging that the credit owed to Víctor Silva by the Municipality of Guayama was transferred to said bonding company. The Banco Popular took exception. It alleged that according to Rule 21 of the Rules of Civil Procedure the company was not entitled to intervene and had it been entitled its intervention would be untimely. The trial court denied the motion for intervention. We agreed to review said order.

Petitioner relies its right to intervene on Rule 21.1 (c) of the Rules of Civil Procedure which provides:

"Upon timely application, anyone shall be permitted to intervene in an action (a) . . . (b) . . . (c) when the applicant is so situated as to be adversely affected by a distribution or other disposition of property which is in the custody or subject to the control or disposition of the court."

Rule 21 of the Rules of Civil Procedure is similar to Rule 24 of the Federal Rules of Civil Procedure.[1]

It seems clear that the language of the rule allows the intervention of a party which alleges that the property or right which has been attached in order to satisfy a judgment belongs to said party. It is preferable that the rights to the

---

[1] Rule 24 of the Federal Rules of Civil Procedure was amended in 1966.

attached property be elucidated before the judgment is executed and the property is awarded. Nobody is prejudiced and the final adjudication is hastened. See 3B Moore, Federal Practice 24–225, § 24.09 [2] ; *Trager* v. *Hiebert Contracting Co.*, 339 F.2d 530 (1st Cir. 1964).

Also, for the intervention to lie according to Rule 21.1 (c), the petition must be timely filed. The intervention after the final judgment is ordinarily looked upon with distrust, since to allow it at that stage may prejudice the interests of the original parties or it may substantially interfere with the ordinary processes of the court. *McDonald* v. *E. J. Lavino Company*, 430 F.2d 1065 (5th Cir. 1970). In the case at bar the motion of the intervener does not substantially interfere with the orderly processes of the court. The intervener does not want to reopen the case or to relitigate a point which has been already decided. The most important consideration in determining timeliness of the motion to intervene is whether any existing party to the litigation has been harmed by the delay in moving to intervene. *McDonald* v. *E. J. Lavino Company, supra; Diaz* v. *Southern Drilling Corp.*, 427 F.2d 1118, 1125 (5th Cir. 1970) ; *Smith Petroleum Service Inc.* v. *Monsanto Chemical Co.*, 420 F.2d 1103, 1115 (5th Cir. 1970) ; 2 Barron & Holtzoff, Federal Practice & Procedure 594 (Wright ed. 1961) ; 3B Moore, Federal Practice 24–522, § 24.13 [1] (2d ed. 1969).

As a commentator has stated: "the courts are in general agreement that an intervention of right under Rule 24 (a) must be granted unless the petition to intervene would work a hardship on one of the original parties." *The Requirement of Timeliness Under Rule 24 of Fed. Rules of Civil Procedure*, 37 Va. L. Rev. 863, 867 (1951). In the case at bar the intervention was for the limited purpose of determining to whom does the credit attached in order to satisfy the judgment belong. The untimeliness of the petition did not prejudice the

original parties. See *Vélez* v. *Municipal Court*, 65 P.R.R. 552 (1946).

Under the practice prior to the approval of the Rules of Civil Procedure in 1943, we permitted the intervention in situations of fact as the one in the case at bar, despite the fact that § 72 of the Code of Civil Procedure[2] was more restrictive than Rule 24(a) of 1943 and Rule 21.1 of 1958. Thus in *Benítez* v. *Tabacaleros of Aibonito*, 50 P.R.R. 754 (1936), we stated:

"The cases which we have examined seem to establish a distinction between interventions which are intended for a discussion of the merits of the controversy between the plaintiff and the defendant and those which are intended solely for the protection of the rights of the intervenor to attached property on which the judgment rendered, or which may be rendered, in the suit is sought to be executed, holding that the first kind of intervention must be made before the trial, in accordance with the technical provisions of the statute, and that those which refer simply to the determination of the respective rights to attached property may be made at any time, provided the intervenor acts with due diligence.

. . . . . . . .

"The bill of intervention in the instant case presented a single question for the consideration of the lower court, that is, whether the rentals at the time the attachment was levied were owned by the defendant corporation or if they had already

---

[2] Section 72 provides thus:

"Any person may, before the trial, intervene in an action or proceeding, who has an interest in the matter in litigation, in the success of either of the parties, or an interest against both. An intervention takes place when a third person is permitted to become a party to an action or proceeding between other persons, either by joining the plaintiff in claim of what is sought by the complaint, or by uniting with the defendant in resisting the claims of the plaintiff, or by demanding anything adversely to both the plaintiff and the defendant, and is made by complaint, setting forth the grounds upon which the intervention rests, filed by leave of the court, and served upon the parties to the action or proceeding who have not appeared, and upon the attorneys of the parties who have appeared, who may answer or demur to it as if it were an ordinary complaint."

become the property of the intervenor bank, and therefore were not subject to attachment. That question could in no way affect the principal controversy between the plaintiff and the defendant, or the judgment by default entered in the case. And we believe that the fact that that same question could also have been decided in an action to try title (*tercería*) is no bar to its decision by the lower court by means of an ordinary complaint in intervention, inasmuch as it had jurisdiction over all of the parties interested and over the property involved in the controversy. The principal purpose of the courts should be to administer justice rapidly and to avoid unnecessary litigation. The lower court used its discretion wisely in interpreting liberally the provisions of Section 72 of the Code of Civil Procedure, to decide a question over which it had jurisdiction and which in no way affected the controversy between the original parties."

For the foregoing reasons the order appealed from will be reversed and another rendered allowing the requested intervention.

Mr. Chief Justice Negrón Fernández did not participate in the decision of this case.