Kern, Leila R, J.
The plaintiff, Hudson Savings Bank, brought this interpleader action against several defendants, seeking a determination as to how surplus mortgage sale funds should be distributed among the defendants. The matter is before this court on defendant RS. Lamson & Sons, Inc.’s Motion for Summary Judgment. At this point in the proceedings, Lamson asks this court for a declaratoiy judgment that it is in the first position behind Hudson Savings Bank as to Lot 3. The only party opposing this motion is Manor Trust. Edmond H. Plante, trustee of Appler-ock Realty Trust, Van Lumber, Quinn Engineering and John A. Burdick, trustee in Bankruptcy do not oppose Lamson’s Motion for Summary Judgment. For the reasons set forth below, Lamson’s motion is ALLOWED.

BACKGROUND

The undisputed facts and the disputed facts viewed in the light most favorable to the non-moving parties, supported by evidence, are as follows.
Edmond H. Plante is the owner of 51% of the beneficial interest of the Applerock Realty Trust. Edmond W. Plante is the owner of 49% of the beneficial interest of the Applerock Realty Trust. On or about March 14, 1996, Edmond H. Plante, as trustee of Applerock Really Trust, executed a Note to Hudson Savings Bank in the face amount of $212,000.00, secured by a mortgage in said amount on property located at Lots 1,2,3 and 4 on a plan entitled “Plan of Land in Bolton, Mas. [sic], Prepared for Edmond H. Plante,” February 13, 1996, recorded with the Worcester Registry of Deeds in Plan Book 902, Plan 27. The mortgage was recorded in the Worcester County Registry of Deeds in Book 17747, Page 33. The address of Lots 1, 2, 3 and 4 is 132 Century Mill Rd.
On or about June 27, 2006, Hudson Savings Bank foreclosed on Lots 1 and 3 of the collateral securing the Note and, upon reselling Lots 1 and 3, received payment in the amount of $445,000.00. At the time of foreclosure, the property stood in the name of Edmond H. Plante as trustee of Applerock Realty Trust. There is a dispute as to the value of Lots 1 and 3.
On or about April 30, 2002, Edmond H. Plante and Edmond W. Plante as trustees of Applerock Realty Trust gave defendant Marhefka and Jablonski Profit Sharing and Trust a mortgage in the face amount of $110,000.00. Marhefka’s mortgage was secured on only Lot 1 of Hudson Savings Bank’s collateral.

Manor

On or about July 28, 2003, Manor commenced an action against Edmond H. Plante, individually, in Fitchburg District Court, Civil Action No. 0316CV0288. On February 10, 2004, Fitchburg District Court issued an execution in favor of Manor, against Edmond H. Plante in his individual capacity. On February 26, 2004, Manor levied and suspended upon property standing in the name of Edmond H. Plante located at Fox Run Road, Bolton, Massachusetts, and Wadaquadock Hill, Bolton, Massachusetts. Manor then filed a motion for Levy of Execution on Specific Properties, which was allowed by Clinton District Court on December 14, 2004. That motion included “132 Century Mill Rd., Bolton, Mass, standing in the name of Applerock Realty Trust,” as a property the court was allowing Manor to levy upon. See Affidavit of Robert B. Bowen, ex. 2. 132 Century Mill Rd. included Lot 3. See Affidavit of Alan M. Cohen, ex. Q. On January 4, 2005, Manor levied upon said property, which includes Lot 3.

Lamson

An action titled R.S. Lamson & Sons, Inc. v. Edmond W. Plante a/k/a Edmond W. Plante Jr. a/k/a Edmond Plante, Edmond H. Plante a/k/a Edmond Plante et al., Civil Action No. 04-1996, now pending in Worcester Superior Court, was filed on October 13, 2004. A Motion for Attachment was granted. On October 14, 2004, the deputy sheriff on behalf of Lamson recorded a writ of attachment in the amount of $625,000.00, attaching the interests of Edmond H. Plante and Edmond W. Plante, in property standing in the name of the Applerock Revocable Trust [emphasis added]. Applerock Realty Trust was a reach and apply defendant in that action.
On October 18, 2004, the court allowed Lamson’s Ex Parte Motion to Amend All Pleadings, Filings, Writs and Orders to Substitute “Edmond H. Plante as he is Trustee of the Applerock Realty Trust” for “Edmond H. Plante as he is Trustee of the Applerock Revocable Trust” Ab Initio. An attested to copy of the allowed Motion to Substitute Name Ab Initio was recorded with the Worcester County Registry of Deeds in Book 34864, Page 378 on October 14, 2004. The Order *524 marginally referenced Lamson’s October 14, 2004 Writ of Attachment. As of March 14, 2007, Edmond H. Plante and Edmond W. Plante owe Lamson in excess of $650,000.00.

DISCUSSION

The court will grant summary judgment where there are no genuine issues of material fact and the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Comm’r of Corr., 390 Mass. 419, 422 (1983). Accordingly, the court will grant amotion for summary judgment where there is an absence of evidence to support the non-moving party’s position. Rogers v. Fair, 902 F.2d 140, 143 (1st Cir. 1990). The opposing party must establish by reference to competent and admissible evidence that a genuine issue of material fact exists. See Mass.R.Civ.P. 56; Chiu-Woo v. May, 17 Mass.App.Ct. 949 (1983). The court should not weigh evidence, assess credibility, or find facts; it may only consider undisputed material facts and apply them to the law. Kelly v. Rossi, 395 Mass. 659, 663 (1985). The court must view the facts in the light most favorable to the non-moving parly. See U.S. Enters., Inc. v. Falmouth Marine, Inc., 410 Mass. 262, 263 (1991).
As to Lot 1, it is undisputed that Marhefka is in first position and Lamson is in second position. As to Lot 3, this court holds that Lamson is in second position, behind Hudson Savings Bank.[3] Lamson filed the October 18, 2004 Order with the Registry of Deeds. Upon receipt of the court’s Order, the Registry should have changed all references in the October 14, 2004 Writ of Attachment from “Applerock Revocable Trust” to “Applerock Realty Trust," so that the attachment would appear on the index for Applerock Really Trust. The failure of the Registry of Deeds to change the index to accurately reflect the fact that Applerock Really Trust’s property was subject to an attachment should not cause Lamson to lose its creditor position. See Higgins v. Savoie, 288 Mass. 463, 467 (1934) (“In analogous situations this court has uniformly held in favor of a person who has done all he could do to have a transaction recorded, as against a subsequent creditor or purchaser who has relied on an erroneous record”); see also Trager v. Hiebert Contracting Co., 339 F.2d 530, 532 (D.Mass. 1964) (“[U]nder Massachusetts law an error in indexing at the registry, if the proper filing has been made, does not invalidate the attachment”).

ORDER

For the reasons discussed above, it is ORDERED that Lamson’s Motion for Summary Judgment be ALLOWED. Lamson is in first position after Hudson Savings Bank as to Lot 3 Century Mill Road, Bolton, Massachusetts.

Manor has properly attached a lien on the subject property, Lot 3. Manor initially brought an action against Edmond H. Plante, individually, and levied against the two parcels he held in his individual capacity. Manor then filed a motion for Levy of Execution on Specific Properties, which was allowed by Clinton District Court on December 14, 2004. That motion referenced 132 Century Mill Rd., which includes Lot 3. Therefore, Manor had the court’s permission to attach a lien on Lot 3.