*Daviess and Taylor* for plaintiff; *B. & A. Monroe and Trapnall* for defendant.

---

## Bussing *vs* Crain.

### ERROR TO THE KENTON CIRCUIT.

*Mortgages. Record of Mortgages. Clerks. Tax.*

JUDGE SIMPSON delivered the opinion of the Court.

ON the 30th of May, 1840, Walker Thurston executed to the defendant in error, a mortgage on two small tracts of land, situated in the county of Kenton. On the 1st day of June next thereafter, the deed of mortgage was duly acknowledged and left in the clerk's office of the Kenton County Court, and an endorsement made thereon by the clerk as follows: "Left for record first June, 1840. W. A. P., Cl'k." This endorsement, however, appears to have been stricken out, and the clerk has made upon the deed the following certificate, viz:

" *Commonwealth of Kentucky, Kenton county, Sct:*

"I, William A. Pendleton, clerk of the County Court aforesaid, certify that this deed of mortgage from Walker Thurston to George Crain, was deposited in my office on the first day of June, 1840, and on this day the tax was paid, and the said deed, together with the certificate of acknowledgment thereof, thereon endorsed, duly admitted to record in my office. Given under my hand this 14th day of July, 1842."

On the 25th of April, 1842, Walker Thurston conveyed the same land to Bussing, the plaintiff in error, by deed duly recorded; and the question now is, whether the statutory provisions in relation to the recording of

CHANCERY.

*Case* 147.

*September* 26.

Case stated.

mortgages, have in this case been complied with, so as to entitle the mortgage to take precedence of the latter conveyance.

The act of 1839, in relation to the registration of mortgages, (3 Stat. Law, 144,) provides, that no mortgage or deed of trust shall take effect, except between the parties thereto, until the same shall have been duly acknowledged and proven, and actually lodged with the proper clerk to be recorded.

The second section of the act, makes it the duty of the clerk, upon a mortgage having been lodged for record, forthwith to place the names of the parties to such deed, upon the index of the proper deed book in his office.

The statute of 1839, makes no change in the law in respect to depositing deeds for record with the clerk, different from the acts of 1785 and 1796; but only in respect to the time of such depositing and the effect thereof. The statute of 1820, required a deposit for record within 60 days after acknowledgment or proof thereof.

This statute made no change in the law in regard to the act of depositing the deed with the clerk for record. The only change made by it on this subject, is in reference to the time when the act is to be done. It was sufficient, under the acts of 1785 and 1796, to lodge a deed of conveyance with the clerk to be recorded, and the actual recording of it was not necessary to its validity: (1 Marshall, 306; 3 Monroe, 54; 2 J. J. Marshall, 434.) And the act of 1820, (1 Stat. Law, 448,) only required a deed of mortgage to be deposited for record in the proper office, within sixty days after the acknowledgment or proof thereof according to law.

It is contended, however, that the deed of mortgage to Crain, was not deposited for record according to the meaning of the statute, on the 1st of June, 1840, and was not in a condition to be recorded until the 14th of July, 1842, at which time the tax on it was paid.

Extraneous evidence may be adduced to prove the time at which a mortgage was deposited with the clerk for record.

The only evidence in the record, in addition to the endorsement on the mortgage, which has been stricken out, and the foregoing certificate of the clerk, is contained in the deposition of B. W. Foley. He proves, that as the agent of the mortgagee, he delivered the mortgage on the first day of June, 1840, to Pendleton, the clerk of the County Court, who received it for the purpose of recording it. He also proved that the endorsement, "Left for record 1st June, 1840," signed "W. A. P., Cl'k.," over which a pen has been drawn, is

in the hand writing of Wm. A. Pendleton, who was then the clerk of the Kenton County Court.

The evidence of this witness, in connection with the endorsement made by the clerk at the time, and subsequently stricken out, clearly proves that the mortgage was deposited with, and received by the clerk for the purpose of being recorded. And if it be conceded that the certificate on the mortgage, afterwards written by the clerk, would be insufficient to show that it was deposited for record on the first day of June, 1840, still the foregoing testimony is sufficient to establish this fact.

But we regard the certificate made by the clerk as sufficient for this purpose, without any additional testimony. If a clerk permits a deed to be deposited in his office to be recorded, without the tax on it having first been paid, it is his duty to record it, and he must look to the individual for whom he records the deed, for the payment of the tax. He is not bound to receive a deed, or permit it to be deposited in the clerk's office for record, until the tax on it has been paid. But if he does, the legal presumption is, that he dispenses with the previous payment of the tax, and instead thereof, relies for its payment upon the promise of the person whose duty it is to pay it. Such a rule of law is necessary, to prevent injury and injustice to persons lodging deeds for record, who having placed the deed in the possession and custody of the proper officer, which has been received by him without objection, may very reasonably come to the conclusion, that it will be duly recorded, without the previous performance of any act on their part. The law does not provide that the tax shall be paid before the deed is recorded. But as it is the duty of the clerk to collect the tax, and he is liable therefor, he may refuse to receive the deed for record until it is paid, or he may receive the deed and record it, and collect the tax afterwards.

The certificate on this deed of mortgage, shows that it was deposited in the clerk's office on the 1st day of June, 1840. For what purpose was it deposited, if not to have it recorded? That was manifestly the object intended. The clerk having permitted it to be deposit-

*If a clerk receives a deed for record and proof or acknowledgment, is bound to record it whether the tax be paid or not, and it is effectual and valid from the time it is deposited for record.*

ed in the office, it was his duty to have recorded it, whether the tax on it had been previously paid or not.

It is however contended, inasmuch as the second section of the act of 1839 makes it the duty of the clerk, upon a mortgage having been lodged for record, forthwith to place the names of the parties to such deed upon the index of the proper deed book in his office, and the clerk had not done it in this instance, that therefore the mortgage did not take effect, and the subsequent conveyance is entitled to priority.

It does not appear in this case, whether or not this duty had been performed by the clerk. Nor is it material, for as this section of the act is merely directory to the clerk, a failure on his part to perform the duty it imposes on him, would not affect the validity of the deed, although it might subject him to an action for any injury to another person, resulting from such delinquency.

Wherefore, the decree sustaining the mortgage, is affirmed.

*Harlan & Craddock* for plaintiff; *Lindsey* for defendant.

