L. L. BROWN PAPER COMPANY *vs.* DEPARTMENT OF PUBLIC WORKS.

Berkshire.    September 15, 1953. — November 4, 1953.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Real Property*, Registered land: registration of instrument. *Eminent Domain*, Order of taking. *Land Court*, Appeal.

A decision by the Land Court based "upon all the evidence" in a proceeding under G. L. (Ter. Ed.) c. 185, § 114, must stand on appeal unless the decision itself discloses error of law; neither the evidence nor its substance is before this court. [497]

A decision of the Land Court disclosed no error in a finding that a certified copy of an order of taking of registered land by the department of public works was validly filed and registered as against the owner on October 29, when it was received by the assistant recorder for the proper registry district and was stamped as filed and registered, although the assistant recorder accepted it without prepayment of the required fee "on her own responsibility" and through inadvertence it was not entered in the "daily sheet" or entry book kept under G. L. (Ter. Ed.) c. 185, § 63, until December 30, when the assistant recorder also changed the date of filing and registration on it to December 30 and noted it on the owner's certificate of title as filed and registered on that date.  [501]

Upon due presentation of an instrument relating to registered land for registration, performance of the assistant recorder's duty of entering it in the entry book kept pursuant to G. L. (Ter. Ed.) c. 185, § 63, is not a condition precedent to the validity of the registration.  [501]

An assistant recorder of the Land Court was not precluded by statute from accepting ";on her own responsibility without the [required] ·fee" a certified copy of an order of taking by eminent domain tendered for registration by the department of public works, and the failure of the department to prepay the fee did not render the registration void.  [501]

PETITION, filed in the Land Court on June 8, 1949.

The case was heard by *Fenton*, J.

*Walter J. Donovan*, for the petitioner.

*George Fingold*, Attorney General, & *Max Rosenblatt*, Assistant Attorney General, for the respondent, submitted a brief.

WILKINS, J.   This is a petition to amend a certificate of title of registered land by striking out a notation of an order of taking by eminent domain, which the petitioner contends is void.   G. L. (Ter. Ed.) c. 185, § 114.   From a decision that the taking was valid, the petitioner appeals.

The appeal presents only questions of law apparent on the record.   Neither the evidence nor its substance is before us, and the decision, which purports to rest "upon all the evidence," must stand unless it discloses self-destroying error. *Holcombe* v. *Hopkins*, 314 Mass. 113, 116.   *Humphrey* v. *Walker*, 314 Mass. 552, 553.   *Harrington* v. *Anderson*, 316 Mass. 187, 192.

The department of public works, hereinafter called the department, acting on behalf of the Commonwealth, signed

an order of taking dated October 7, 1947, of three parcels of land in Adams for highway purposes. Two parcels were registered land of the petitioner, and were included in certificate of title number 119. Two certified copies of the order were sent by mail to the Berkshire County Northern District registry of deeds accompanied by a letter from the department, which read in part: "Attested copies of the plans referred to in said order are sent you by this mail under a separate cover. Please record one copy of the order and plan in the Registry of Deeds and file the other copy of the order and plan in the Registered Land Division. Please let me know the date and the time the order is entered for record. Upon the receipt of your bill a prompt remittance will be made."

The copies of the order of taking were received at the registry on October 29. On that date a memorandum was signed by Edna S. Buntin, the register of deeds and assistant recorder of the Land Court of the Berkshire County Northern District registry of deeds. The memorandum reads, "Adams order of taking and plan filed in registry of deeds and registered land division on October 29, 1947," and bears either by stamp or writing: "Received for record at Adams, Mass. Northern District Oct 29 1947 at 2.00 P.M. Land Court office of Asst. Recorder, Berkshire No. Dist. Filed Oct 29 1947 2 o'clock 00 min. P.M." The register recorded the order of taking "on the unregistered side of the registry" by stamping it as "received for record" on October 29, 1947, at 2 P.M. A copy of the plan was stamped "Filed" with "Asst. Recorder, Berkshire No. Dist." on October 30, 1947, at 9 A.M. A bill dated October 31, 1947, was sent to the department for $8.75 payable to Edna S. Buntin, register, for "Registration Fees: Due on presentation of document" with these items, "1947 10/29 Order-Rousseau et als — $3.75 10/30 Plan — 5.00." The bill was receipted as paid on November 5, 1947.

On December 30, 1947, a representative of the petitioner brought to the registry a duplicate certificate of title number 119, in order that a memorandum of the order of taking

might be indorsed upon it. At that time a bill against the Commonwealth bearing that date and payable to Edna S. Buntin, register, was sent to the department. The itemization of the bill was, "1947 12/30 Land Court Land Taken by Commonwealth of L. L. Brown Paper Co. Adams — Parcels 2 and 3 Registered Land $2." It was receipted as paid on January 19, 1948. A memorandum is indorsed on certificate of title number 119 reciting that the order of taking was filed and registered as document 1006 on December 30, 1947, at 2:10 P.M. Document 1006 bears the notation: "Filed Dec. 30 1947 2 o'clock 10 min. P.M."

The judge, after stating that the question was "whether the certified copy of the order of taking was filed and registered with the Berkshire North District Registry of Deeds on October 29, 1947, or [on] December 30, 1947," said, "I find . . . upon all the evidence that the order of taking was stamped 'Filed and Registered' (see G. L. [Ter. Ed.] c. 4, § 7, seventeenth) on October 29, 1947, by the Register of Deeds, who is also the Assistant Recorder of the Land Court, G. L. (Ter. Ed.) c. 185, § 10, on her own responsibility without the fee [1] and that this was a valid recording of the order of taking with the Land Registration records within thirty days as required by the statute;[2] see *Radway* v.

---

[1] G. L. (Ter. Ed.) c. 262, § 39, as amended; see § 38, as amended.

[2] G. L. (Ter. Ed.) c. 79, §§ 3, 4.

Section 3, as amended, provides: "The board of officers by whom an order of taking has been adopted . . . shall within thirty days thereafter cause a copy thereof . . . to be recorded in the registry of deeds of every county or district in which the property taken or any of it lies." The copy of an order of taking for the abolition of grade crossings under G. L. (Ter. Ed.) cc. 159, 160, 161 "may be filed and recorded without the payment of any fee therefor. Upon the recording of an order of taking under this section [3], title to . . . the property taken . . . shall vest in the body politic . . . on behalf of which the taking was made; and the right to damages for such taking shall thereupon vest in the persons entitled thereto."

Section 4 reads: "If land of a registered owner, or any right or interest therein, is taken by eminent domain, the board of officers by whom the taking is made shall file for registration in the proper registry district a description of the registered land so taken, giving the name of each owner thereof, referring by number and place of registration in the registration book to each certificate of title, and stating what estate or interest in the land is taken, and for what purpose. A memorandum of the right or interest taken shall be made on each certificate of title by the assistant recorder. If the fee simple of part of the registered land is taken a new certificate shall be entered to the owner for the land remaining to him after such taking. All fees on account of any memorandum of registration or entry of new certificates shall be paid by the body politic or corporate which takes the land."

*Selectmen of Dennis*, 266 Mass. 329, 333; that the Assistant Recorder through inadvertence or error neglected to enter the order of taking on the daily sheet as far as the Land Registration records are concerned and entered no memorandum on certificate of title No. 119 or in any Land Registration record, other than the order of taking itself, on October 29, 1947; that she put the order of taking after it was stamped in the safe where it remained until December 30, 1947; that she or somebody in the Registry of Deeds under her direction on December 30, 1947, took the order of taking from the safe, erased the stamped date 'Oct. 29, 1947' and substituted therefor in pen and ink the date 'Dec. 30, 1947' and entered the order of taking on the daily sheet and made a memorandum of the order of taking on certificate of title No. 119 . . . . I rule upon all the evidence that the taking in question is valid and order that the Land Registration records of the Berkshire North District Registry of Deeds be corrected to show the date of filing and registering the order of taking to be as found herein, namely, October 29, 1947."

The reference to "the daily sheet" is to the "entry book" kept pursuant to the provisions of G. L. (Ter. Ed.) c. 185, § 63: "Each assistant recorder shall keep an entry book in which he shall enter, in the order of their reception, all deeds and other voluntary instruments, and all copies of writs or other processes filed with him relating to registered land. He shall note in such book the year, month, day, hour and minute of reception of all instruments, in the order in which they are received. They shall be regarded as registered from the time so noted, and the memorandum of each instrument, when made on the certificate of title to which it refers, shall bear the same date. Every deed or other instrument, voluntary or involuntary, so filed with the recorder or assistant recorder, shall be numbered and indexed, and endorsed with a reference to the proper certificate of title."

The judge and the parties have treated the case on the basis that the acts prescribed by G. L. (Ter. Ed.) c. 79, § 4, must be performed within thirty days of the order of

taking, which is the time expressly limited for the acts prescribed by c. 79, § 3. We consider the case on the same footing.

The finding that the certified copy of the order of taking was filed and registered on the earlier date must stand. The judge had before him conflicting official writings, and did not have to accept as controlling the date which he found to have been placed on the instrument after the earlier date was erased. That the formalities of § 63 were not observed is not fatal. It is the duty of the assistant recorder to comply with the statutes when a paper is offered for filing and registration. If the party presenting a paper, in this case the department, does all that is required of it to cause the paper to be filed and registered, there is no further obligation on such party to follow up or supervise the performance by the assistant recorder of his official duty. Section 63 does not make performance of the duty to note a deed or instrument in the entry book a condition precedent to the validity of registration. *Gillespie* v. *Rogers*, 146 Mass. 610, 612. *Orne* v. *Barstow*, 175 Mass. 193, 195. See *Sykes* v. *Keating*, 118 Mass. 517, 519–520; *Cleaveland* v. *Boston Five Cents Savings Bank*, 129 Mass. 27, 31; *Goff* v. *Britton*, 182 Mass. 293, 294.

It is argued that failure to prepay fees rendered the "recording" void. See G. L. (Ter. Ed.) c. 262, § 38, as amended; § 39, as amended; *Radway* v. *Selectmen of Dennis*, 266 Mass. 329, 333. The assistant recorder does not appear to have objected because the fees had not been prepaid. We think that there was no provision which barred her from accepting "on her own responsibility without the fee" papers tendered by a department of the Commonwealth for filing, registering, and recording. The judge was not in error on this point. See *Fooshee* v. *Snavely*, 58 Fed. (2d) 774 (C. C. A. 4); *Bussing* v. *Crain*, 8 B. Mon. 593, 595–596; *Hoffman, Burneston & Co.* v. *Mackall*, 5 Ohio St. 124, 131; *American Exchange National Bank* v. *Colonial Trust Co.* 186 S. W. 361, 363 (Tex. Civ. App.); *Lucas* v. *Clafflin & Co.* 76 Va. 269, 281–282. The *Radway* case merely says that an

assistant recorder is not obliged to record an order of taking offered for filing by a board of selectmen without payment of the fees.

No third parties are involved. There is no question of the impairment of the title or other interest of a purchaser holding a certificate for value and without notice, which is prohibited by G. L. (Ter. Ed.) c. 185, § 114.

*Decision affirmed.*