National Lumber Company *v.* Lombardi.

NATIONAL LUMBER COMPANY *vs.* JOSEPH J. LOMBARDI
& others.[1]

No. 04-P-727.

Norfolk. March 8, 2005. - September 9, 2005.

Present: LAURENCE, BECK, & TRAINOR, JJ.

*Register of Deeds. Mechanic's Lien. Statute,* Construction.

This court concluded that where the plaintiff in an action to enforce a
mechanic's lien had presented an attested copy of its complaint to the ap-
propriate registry of deeds (registry) for recording well within the thirty-
day period required by G. L. 254, § 5, the plaintiff had done everything it
reasonably could to achieve the requisite recording and was not obligated
to follow up or supervise the performance of registry officials of their duty
to record the complaint in a timely manner, could properly presume that
those officials would perform their duties in accordance with their obliga-
tions under § 5, and did not lose its lien as a result of those officials'
failure to record the complaint within the time required by § 5. [492-498]

CIVIL ACTION commenced in the Wrentham Division of the
District Court Department on November 26, 2002.

An application to discharge a mechanic's lien was heard by
*Emogene Johnson Smith,* J.

*Hugh J. Gorman, III,* for Thomas J. Blume, Jr., & another.

*Mark E. Barnett* for the plaintiff.

LAURENCE, J. General Laws c. 254, § 5, governing the enforce-
ment of mechanic's liens, states that an essential final step to be
taken by a person who furnished labor or materials for use in a
construction project but was not paid is that, after having satis-
fied the notice requirements for obtaining the lien and having
commenced a civil action for payment in the proper court,
"[a]n attested copy of the complaint . . . shall be *filed* in the
[appropriate] registry of deeds *and recorded* as provided in

[1]Joseph R. Lombardi; Thomas J. Blume, Jr.; and Maureen Blume.

[G. L. c. 254, § 9,] *within thirty days of the commencement of the action*, or such lien shall be dissolved" (emphasis added). G. L. c. 254, § 5, as amended by St. 1996, c. 364, § 7. The instant case raises the issue of the enforceability of a mechanic's lien when the unpaid materials supplier filed its complaint in the appropriate registry within eight days of commencing its action but registry officials failed to record it until forty-four days after the action had been commenced. We hold that the lien was not dissolved but could be enforced.

*Background.* National Lumber Company (National), a Massachusetts corporation, is a supplier of lumber and other building materials. In December, 2001, Joseph J. Lombardi and Joseph R. Lombardi, doing business as JAG Builders (JAG), established a line of credit with National, and in March of 2002 they executed a written contract with National for the purchase of materials that JAG required for use in construction work at the property of Thomas J. Blume, Jr., and Maureen Blume in Walpole. Between April and August, 2002, National sold a significant quantity of lumber and building materials to JAG on credit. JAG ultimately failed to pay National $15,788.65 therefor.

In order to secure payment for the materials it had provided, National sought a mechanic's lien pursuant to G. L. c. 254, § 4, against the Blumes' real property. On September 25, 2002, National had a notice of contract recorded with the Norfolk County registry of deeds (registry), and on November 16, 2002, the registry recorded National's sworn statement of claim. On November 26, 2002, National filed a complaint in the Wrentham District Court to enforce its lien. On December 4, 2002, National served the Blumes with a summons and a copy of its complaint.

On December 3, 2002, National sent a copy of the complaint, with appropriate recording fees, by Federal Express to the registry.[2] During December of 2002, the procedure at the registry, upon receipt of any package sent by Federal Express, was to open the package immediately and review it to determine if it was in proper form. If it was not in proper form, the registry

---

[2]National sent the complaint by letter dated December 2, 2002.

would return it to the sender; if it was in proper form, the registry would set it aside for recording. Federal Express delivered the complaint and recording fee to the registry on December 4, 2002, at 9:57 A.M. Murphy's Law, however, then intervened. Substantial increases in the registry's filings, combined with significant reduction in its personnel, created serious delays in the registry's recording of documents during that very period.[3] Even though registry officials received (and signed for) National's complaint on December 4, 2002, it was not recorded until January 9, 2003, fourteen days beyond the statutory time period. According to the affidavit of a registry official, had National arranged for the complaint (and the appropriate filing fee) to be hand-delivered to the recording clerk on a nonholiday weekday between the hours of 9:00 A.M. and 4:00 P.M., it would have been recorded that same day.

The Blumes filed an application in the District Court, pursuant to G. L. c. 254, § 15A(c) and (d), to discharge National's mechanic's lien on the ground that National had failed to record an attested copy of its complaint in a timely manner, so that its lien was to be deemed dissolved. The District Court denied the Blumes' application. Upon the request of the parties, the matter was reported to the Appellate Division, which affirmed the District Court's decision.[4] The Blumes' appeal to this court followed.

*Discussion.*[5] A mechanic's lien is not a common-law right but a creature of statute, which "compels strict compliance in order

---

[3]Also because of the increased workload and staff reduction, it was virtually impossible at that time (according to a registry official's affidavit) to contact the registry by telephone, or even in person, to ascertain the status of a recording.

[4]The Appellate Division held that National had "complied with all of its statutory obligations and had neither the duty nor ability to actually 'record' documents with the Registry," which alone had the statutory obligation and authority to record instruments filed with it. It rejected as an absurd and unreasonable reading of the statute the Blumes' assertion that everyone seeking to perfect a mechanic's lien had the obligation either to file in person at the registry or to follow up a mailed filing in some fashion to ensure timely recording.

[5]The only issue raised and joined below with respect to the Blumes' application to discharge National's mechanic's lien was whether an attested copy of National's complaint had been timely recorded, i.e., within thirty days of the commencement of the action. That was also the only issue addressed

to obtain relief."[6] *Mullen Lumber Co.* v. *Lore*, 404 Mass. 750, 752 (1989). See *Ng Bros. Constr.* v. *Cranney*, 436 Mass. 638, 642, 644 (2002). The statutory framework, set forth in G. L. c. 254, §§ 1 et seq., specifies the procedures for establishing and enforcing a mechanic's lien in detail. "Although not every procedural mistake is fatal . . . failure to comply normally results in dissolution of the lien, . . . or in failure of the lien to attach." *Mullen Lumber Co.*, 404 Mass. at 752-753. See *Ng. Bros. Constr.*, 436 Mass. at 642. There is no dispute that National complied with G. L. c. 254, § 5, governing enforcement of a lien, in all respects except for the requirement that "[a]n attested copy of the complaint . . . shall be . . . recorded . . . within thirty days of the commencement of the action, or such lien shall be dissolved."[7]

It is common ground that the statute requires that the complaint be recorded (after filing with the registry) within thirty days of the commencement of the action. The disputed question is whether the unilateral inaction of the registry in failing to record a complaint admittedly in its possession well within the thirty-day period (in the proper form and accompanied by the proper fees) necessarily dissolves a party's

and decided by the Appellate Division on the Blumes' appeal from the District Court judge's denial of their application. To the extent the Blumes attempt to argue here, essentially on their second appeal, that the complaint was also not timely "filed," we need not address the argument. See *Royal Indem. Co.* v. *Blakely*, 372 Mass. 86, 87-88 (1977); *Gram* v. *Liberty Mut. Ins. Co.*, 391 Mass. 333, 335 (1984); *Amherst Nursing Home, Inc.* v. *Commonwealth*, 398 Mass. 850, 852 (1986); *Blake* v. *Springfield St. Ry. Co.*, 9 Mass. App. Ct. 912, 913 (1980).

[6]At the same time, our courts have acknowledged the remedial purpose underlying the statute: "to provide security to contractors, subcontractors, laborers, and suppliers for the value of their services and goods provided for improving the owner's real estate." *Hammill-McCormick Assocs.* v. *New England Tel. & Tel. Co.*, 399 Mass. 541, 542-543 (1987). The purpose of the filing and notice requirements in the statute is to "protect the owner and others with an interest in the property." *Id.* at 543.

[7]Section 5 qualifies the recording requirement by the words "as provided in [§ 9]" of c. 254. The latter section provides that "[a]ny notice or any statement provided for in this chapter shall remain in the custody of the register and be open to public inspection. He shall record it in a book kept therefor, but the items of the account, except the total amount claimed due, may be omitted from the record." G. L. c. 254, § 9, as amended by St. 1996, c. 364, § 10.

mechanic's lien under § 5. The Blumes argue that the plain meaning of the statute mandates that the complaint had to be recorded within thirty days in any event and that National's failure to take steps to verify that the complaint was in fact so recorded is fatal to its lien.[8] They assert that the statute has to be read to require anyone seeking to enforce a mechanic's lien either to deliver the complaint in hand or, alternatively, to follow up any mailing by monitoring the recording of the complaint to insure that recording actually takes place within thirty days, regardless of the practicality, or even the possibility, of these courses of action. We are not persuaded, however, by their contentions, entirely aside from our disinclination to "read into the statute a provision which the Legislature did not see fit to put there." *King* v. *Viscoloid Co.*, 219 Mass. 420, 425 (1914).

There can be no dispute that a party seeking to perfect a mechanic's lien is not physically capable of recording the document itself. That is the job of the registry, as G. L. c. 254, § 5, itself makes clear by specifying that the attested complaint "shall be . . . recorded as provided in [§ 9]" of c. 254. Section 9 in turn provides (see note 7, *supra*) that "the register [of deeds] . . . shall record" all documents required by c. 254 to be placed in his custody — an official duty reinforced by G. L. c. 254, § 30, which provides that "[a]ll liens . . . and notices . . . and instruments . . . filed as provided for in this chapter, shall be recorded by the register of deeds." *Ibid.*, inserted by St. 1953, c. 406, § 1. The register also has the responsibility for timely recording. See G. L. c. 36, § 14 ("Each register shall keep a book . . . [and] shall enter therein, in the order of receipt, all deeds and instruments left for record, . . . noting . . . the day, hour and minute when received . . . and every deed or instrument shall be considered as recorded at

---

[8]As usual when interpreting a statute, we focus initially on the actual language used. See *International Fid. Ins. Co.* v. *Wilson*, 387 Mass. 841, 853 (1983). "Where the language of a statute is clear and unambiguous, it is conclusive as to legislative intent," *Pyle* v. *School Comm. of S. Hadley*, 423 Mass. 283, 285 (1996), and "the courts enforce the statute according to its [plain] wording," *Weitzel* v. *Travelers Ins. Cos.*, 417 Mass. 149, 153 (1994), unless such construction will lead to consequences that are "absurd or unreasonable," *Attorney Gen.* v. *School Comm. of Essex*, 387 Mass. 326, 336 (1982), because we assume that the Legislature intended to act reasonably. *Ibid.*

the time so noted"); G. L. c. 36, § 26 ("[The register] shall, within twenty-four hours after a deed or other instrument which he is by law required to record has been left for record, cause . . . [the relevant information to be entered] in the appropriate index . . .").

Legislative recognition that the lien holder who files the document (i.e., leaves it to be recorded) is not the person responsible for actually, physically recording it is also reflected in the voice of the verb forms used in § 5. In order to commence the process of enforcing his lien, the lienholder himself must take action (he "shall bring his action," G. L. c. 254, § 5, as appearing in St. 1973, c. 1114, § 318); however, the final step of perfecting the lien is not imposed on him as an active duty but is, rather, expressed passively — an attested copy of the complaint "shall be . . . recorded" — and the immediately following reference to § 9 unmistakably identifies the register as the actor obligated to perform the recording, not the lien creditor. See *Druzik* v. *Board of Health of Haverhill*, 324 Mass. 129, 133 (1949) (statutes to be interpreted in accordance with general rules of grammatical construction); *Rowley* v. *Massachusetts Elec. Co.*, 438 Mass. 798, 802 (2003) (statute to be construed "[u]sing standard rules of . . . grammar").

Moreover, such a reading of § 5 is "the only construction of the statute 'in harmony with common sense and sound reason.' " *Treasurer & Receiver Gen.* v. *John Hancock Mut. Life Ins. Co.*, 388 Mass. 410, 415 (1983), quoting from *Johnson's Case*, 318 Mass. 741, 746 (1945). The only way a private party could actually cause or effect the act of recording would be by the wholly impractical (given the statutory time constraint) procedure of commencing a civil action in the nature of mandamus under G. L. c. 249, § 5, to compel the register to perform his ministerial duty. See *Becton, Dickinson & Co.* v. *State Tax Commn.*, 374 Mass. 230, 233 (1978) ("statutes embodying procedural requirements should be construed, when possible, to further the statutory scheme intended by the Legislature without creating snares for the unwary"); *EMC Corp.* v. *Commissioner of Rev.*, 433 Mass. 568, 574 (2001) (procedural statutes should be construed "in a way that comports . . . with contemporary notions of . . . fundamental fairness").

National was required by G. L. c. 254, § 5, to present an attested copy of the complaint to the registry with the appropriate fee so that it could be recorded within the thirty-day statutory period. This it did. There is no dispute that the registry received the complaint and recording fee on December 4, 2002, at 9:57 A.M., eight days after National had commenced its action. National was not required by the statute to file the complaint personally with the registry or to follow up on its mailed filing in person or by telephone.[9] Compelling a lien claimant to deliver its complaint in hand would impose an unreasonable requirement — particularly on those with offices remote from the registry or needing to make many lien filings on a regular basis — that is unsupported by the statute or by case law.

A private party generally will not be penalized for an official's failure to perform his or her duty, so long as that party has taken whatever action is required by law to discharge its obligations. See *Orne* v. *Barstow*, 175 Mass. 193, 196 (1900) ("As the petitioners [seeking to enforce a mechanic's lien] did all that they could do, or were bound to do [by tendering the required paper and fee to the register within the statutory thirty-day period, to be recorded], the register's conduct [in refusing to accept the tendered paper] did not affect their rights"); *L.L. Brown Paper Co.* v. *Department of Pub. Works*, 330 Mass. 496, 501 (1953) (failure of the registry of deeds to comply with all of the recording requirements of G. L. c. 185, § 63, did not invalidate the order of taking); *King* v. *Stephens*, 9 Mass. App. Ct. 919, 920 (1980) (entry of two deeds out of sequence did not constitute a cloud on the record title when "the recording grantee has done all that he can do"), quoting from 6 Powell, Real Property par. 918, at 298.2 (Rohan ed. 1979). Cf. *Konover Mgmt. Corp.* v. *Planning Bd. of Auburn*, 32 Mass. App. Ct. 319, 326 (1992) (noting "the strong presumption that a public official will perform honestly and impartially and will properly discharge the duties of her office in the public interest").

Although it did not involve the mechanic's lien statute, we

---

[9]Not only was National not required so to follow up, but the affidavit from the first assistant registrar also made plain that it was "highly impracticable and improbable" to contact the registry by person or by telephone to inquire about the status of a recording because of the registry's heavy workload and reduced staff.

find instructive on this issue the Supreme Judicial Court's analysis in *L.L. Brown Paper Co.* v. *Department of Pub. Works, supra.* The department of public works there sought to take by eminent domain three parcels of land. *Id.* at 497-498. The department sent two certified copies of the order of taking to the registry of deeds with instructions to record one copy in the registry and to file the other copy in the registered land division. *Id.* at 498. The registry received the order of taking in a timely manner and stamped the materials "Received for record" and "Filed." *Ibid.* The assistant recorder, however, failed to enter the order of taking on the daily sheet of the land registration records, as was required, and failed to enter a memorandum on the appropriate certificate of title or in any land registration record, until approximately two months later. *Id.* at 499-500. The issue for the court was whether the order of taking was filed and registered on the earlier or later date, a question of significance for the department, as a finding of the later date would invalidate the order of taking.

The court held that the taking was filed and registered on the earlier day, observing that:

> "It is the duty of the assistant recorder to comply with the statutes when a paper is offered for filing and registration. If the party presenting a paper, in this case the department, does all that is required of it to cause the paper to be filed and registered, there is no further obligation on such party to follow up or supervise the performance by the assistant recorder of his official duty."

*Id.* at 501. Similarly, in *King* v. *Stephens, supra,* we considered the question "[w]hether the recording of the two deeds out of sequence constitutes a cloud on record title." 9 Mass. App. Ct. at 920. In concluding that there was "good and clear record title," we stated:

> "A deed is considered to be recorded when it is noted by the recording officer as having been received for recording, if the recording officer 'places upon it his certificate that it has been so received, even though he afterwards fails in his duty by recording it inaccurately . . . or even by altogether suppressing it from the records, yet in

contemplation of law the whole world has constructive notice of it, just the same as if it had been accurately copied in full upon the records.' *Gillespie* v. *Rogers*, 146 Mass. 610, 612 (1888)."

*King* v. *Stephens, supra.*

Here, having presented the attested copy of the complaint to the registry for filing well within the statutory thirty-day period, National did everything it reasonably could to achieve the requisite recording, was not obligated to follow up or supervise the performance by registry officials of their duty to record the instrument in a timely manner, could properly presume that those officials would perform their duties in accordance with their statutory obligations, and did not lose its lien as a result of those officials' failure or neglect of duty.[10]

> *Decision and order of the Appellate Division affirmed.*

---

[10]Although we need go no further for the purpose of our decision, we observe that the underlying objective of the recording aspect of the statute was not thwarted in the instant circumstances. See *Golden* v. *General Builders Supply LLC*, 441 Mass. 652, 659-60 (2004) ("The statute is intended to ensure 'that an enforcement action may readily be identified through routine title searching procedures,' . . . and it accomplishes that objective by requiring that an attested copy of the enforcement complaint be recorded within thirty days of its filing with the court"). There was no suggestion of any third party being prejudiced or misled by lack of notice during the fourteen days that the complaint did not appear on the registry's books. Compare *L.L. Brown Paper Co.*, 330 Mass. at 502. Further, the property owners never disputed that they had timely notice of National's lien, having been served with the complaint on December 4, 2002.