Botsford, Margot, J.
In 2002, a judge of this court appointed the plaintiff Chelsea Restoration Corporation (CRC) as the receiver of certain property located in the City of Chelsea (the city). The appointment was made on the petition of the city, and the purpose of the appointment was to correct violations of the State Sanitary Code at the property. The owner of the prop *531 erty at the time CRC was appointed was the defendant Renaldo Carvalho a/k/a Renaldo DeCarvalho (Carvalho).
CRC brings this action to enforce the statutory lien (see G.L.c. Ill, §1271) against the property that it obtained following its appointment as receiver. Presently before the court is the motion of the defendant Greenpoint Mortgage Funding, Inc. (Greenpoint) to dismiss CRC’s claims against it, based on the argument that the statutory lien obtained by CRC is invalid. For reasons discussed below, the motion to dismiss is denied.
Background
The complaint alleges the following facts, which are accepted as true for purposes of this motion. In January of 2002, CRC was appointed as temporary receiver of the property at 128-30 Shurtleff Street in the city (the property), based on the petition of the city filed in Superior Court in an action entitled City of Chelsea v. Renaldo Carvalho, Suffolk Superior Court, C.A. No. 02-00276. The appointment was made pursuant to G.L.c. Ill, §1271 (§127I).[2] The court extended the temporary receivership on January 23, 2002, and the receiver was ordered to relocate occupants of the building and begin necessary repairs. The owner of the property at the time CRC was appointed was the defendant Carvalho, who had notice of the city’s above-captioned court action, and participated in it. Under §1271, CRC, as receiver, was entitled to a priority lien on the property, which it caused to be recorded in the Suffolk Registry of Deeds on or about March 4, 2002. The lien (generally referred to hereafter as the “§ 1271 lien”) was for the amount of $48,336.79, which was the amount that CRC spent in relocating tenants and repairing the property.
After CRC’s §1271 lien was recorded, on July 19, 2002, Carvalho created the Carva Realty Trust, and conveyed the property to himself and Luciney DeCarvalho, as trustees of the Carva Realty Trust. Thereafter, on June 23, 2003, the trustees of Carva Realty Trust conveyed the property to the defendant Yakshamkin, LLC; Carvalho was the manager and member ofYakshamkm, LLC at the time. Yakshamkin, LLC obtained a mortgage on the property from the defendant Greenpoint in the amount of $595,000.00. The deed conveying title to the property from the Carva Realty Trust to Yakshamkin, LLC, as well as the mortgage on the property granted by Greenpoint, were all recorded together in the Suffolk Registry of Deeds on June 24, 2003. CRC is informed and believes that all creditors of Carvalho except for CRC were paid from the proceeds of this mortgage. CRC asserts that its § 1271 lien is paramount to the mortgage of Greenpoint.
Based on these allegations, CRC brings claims against all defendants seeking (1) an order authorizing CRC to sell the property to satisfy its §1271 lien, and (2) an accounting. (Complaint, Counts One and Four.) CRC also brings claims against Carvalho for fraudulent conveyance and against Carvalho and Yakshamkin for violation of G.L.c. 93A, and civil conspiracy. (Complaint, Counts Two, Three and Five.) Greenpoint moves pursuant to Mass.R.Civ.P. 12(b)(6), to dismiss Counts One and Four against it.
Discussion
Greenpoint argues that the claims against it must be dismissed because CRC’s §1271 lien is invalid as matter of law. Specifically, Greenpoint contends that the lien — a copy of which is attached to the complaint as an exhibit — does not expressly list Carvalho as the owner of the property, and is invalid for that reason because the absence of the owner’s name prevents the lien from being listed in the grantor/grantee index at the Registry
This is a motion to dismiss under Mass.R.Civ.P. 12(b)(6). Accordingly, the question is whether it is “certain that the complaining party is not entitled to relief under any state of facts which could be proved in support of [its] claim.” Spinner v. Nutt, 417 Mass. 549, 550 (1994). See generally Nader v. Citron, 372 Mass. 96, 98 (1977). Under this standard, Greenpoint’s motion must be denied.
Section 1271 provides that “[n]o . . . lien [created under that section] shall be effective unless recorded in the registry for the county in which the property is located.” The copy of the §1271 lien attached to the complaint reflects on its face that it was recorded in the Suffolk County Registry of Deeds on March 4, 2002, and appears beginning at Book 28103, Page 83. Greenpoint claims that without the name of the property’s owner being listed on the lien, this recording was not valid. Section 1271, however, does not contain any requirement that the lien list the property owner’s name — it simply states that the lien must be recorded. Greenpoint attempts to answer this absence of language in §1271 itself by reliance on two other statutes, G.L.c. 184, §25, and G.L.c. 223, §66. At least at this stage of the case, neither statute appears to provide the grounds for concluding that CRC’s failure to identify and list Carvalho as the owner of the property on the lien renders it invalid as against Greenpoint.
General Laws c. 184, §25, concerns the effect of “indefinite references” in recorded instruments.[3] Greenpoint does not argue that the problem with the § 1271 lien at issue here is that it contains an “indefinite reference” as that term is defined in c. 184, §25. Greenpoint rather points to the penultimate sentence of §25 which provides: “No instrument shall be deemed recorded in due course unless so recorded in the registiy of deeds for the county or district in which the real estate affected lies as to be indexed in the grantor index under the name of the owner of record of the real estate affected at the time of the recording.” It is Greenpoint’s position that this language means that generally, for any instrument to be validly recorded— including a lien under §1271 — it must have language *532 in it that will enable it to be indexed in the grantor/gran tee index. I disagree. When the quoted sentence is read in conjunction with the provisions of §25 that it immediately follows, it becomes reasonably clear that the sentence is intended to define a particular phrase, “instruments recorded in due course,” that §25 uses in describing the meaning of “indefinite reference.” (See §25(1) and (2).) At the very least, I cannot conclude from the text of G.L.c. 184, §25, itself that the section applies to and invalidates the lien created under §1271, and Greenpoint does not offer much if any support for its claim beyond the language of the section’s text.[4]
CRC advances other arguments in support of its opposition, including that the package that was actually recorded with the §1271 lien included a legal description of the property that referenced the Book and Page of a recorded deed that would have listed Carvalho as the owner. I do not address this argument, or CRC’s claim that the recent decision of National Lumber Co. v. Lombardi, 64 Mass.App.Ct. 490 (2005), supports its contention that any failure to list the §1271 lien in the grantor/grantee index is attributable to the Registry staff and should not invalidate the lien itself. There is no need to do so, because Greenpoint has not met its heavy burden of demonstrating that CRC will be unable, under any set of facts, to establish that its §1271 lien is valid.
ORDER
For the foregoing reasons, the motion to dismiss of Greenpoint Mortgage Funding, Inc., is denied.

 General Laws c. 111, §1271, provides in relevant part:
Upon the filing of a petition to enforce the provisions of the sanitary code, or any civil action concerning violations of the sanitary code by ... a public agency, . . . the court may: appoint a receiver whose rights duties and powers shall be specified by the court in accordance with the provisions of this section.
Whenever a petitioner shows that violations of the sanitary code will not be promptly remedied unless a receiver is appointed and the court determines that such appointment is in the best interest of occupants residing in the property, the court shall appoint a receiver of the property.
No receiver shall be appointed until the receiver furnishes a bond or such other surety and provides proof of such liability insurance as the court deems sufficient in the circumstances of the case. Upon appointment, the receiver shall promptly repair the property and maintain it in a safe and healthful condition ... In order to secure payment of any costs incurred and repayment of any loans for repair, operation, maintenance or management of the property, the receiver shall have a lien with, priority over all other liens or mortgages except municipal liens ... No such lien shall be effective unless recorded in the registry for the county in which the property is located,
(Emphasis supplied.)

 The section begins: “No indefinite reference in a recorded instrument shall subject any person not an immediate party thereto to any interest in real estate, legal or equitable, nor put any such person on inquiiy with respect to such interest, nor be a cloud on or otherwise adversely affect the title of any such person acquiring the real estate under such recorded instrument if he is not otherwise subject to it or on notice of it . . .”

 The provisions of G.L.c. 223, §66, are not more immediately helpful to Greenpoint. That statute deals with attachments of real estate. See Mass.R.Civ.P. 4.2. The §1271 lien appears to be an incumbrance that is different from the type of attachments to which c. 223, §66 applies. Greenpoint points to no authority, and I have found none, to suggest that this statute applies to statutory priority liens of the type set out in §1271.