Henry, Bruce R., J.
This matter came on to be heard on the motion of the defendant, Michael Ryals (Ryals), to dismiss the complaint of the plaintiff, Kendrick Perkins (Perkins), on the bases that this court lacks personal jurisdiction over him and that this court is a forum non conveniens. For the reasons which follow, the motion is ALLOWED.
Pertinent Facts
Perkins is a professional basketball player, who has played for the Boston Celtics since the 2003-2004 season. Ryals, along with Andre Boutte and Steve Epps acted as advisors for Perkins both before and since Perkins became a professional basketball player. Prior to becoming a member of the Celtics, Perkins lived in Texas. Ryals, Boutte, and Epps were also Texas residents. When Perkins moved to the Boston area to play for the Celtics, Ryals accompanied him. Perkins employed and compensated Ryals, who lived with Perkins and performed a number of services for him while they were in Massachusetts. Ryals received approximately $50,000 a year for his services from 2003 to 2006.
In September 2006, a meeting was held in Texas among Perkins, Ryals, Boutte, and Epps. At that meeting Perkins signed the contract which is at the heart of this dispute. In the contract, Perkins agrees to compensate each of the advisors, with Ryals receiving 6.6% of Perkins’s gross earnings while playing in the National Basketball Association. After Perkins signed the contract in Texas, Ryals came to Massachusetts to arrange the move to a new apartment. From October 2006, to February 2007, Ryals continued to live with Perkins in Massachusetts and to provide those services which he had previously provided to Perkins. Perkins claims he learned in February of 2007 what Ryals and the others were receiving under the terms of the now-disputed contract. The business relationship between Perkins and Ryals then ended and Ryals returned to Texas.
Perkins claims that the contract at issue is unenforceable and voidable and seeks a declaration to that effect. He filed this civil action in April of this year. Ryals has filed an action in Texas to enforce the contract.
Ryals now moves to dismiss this action asserting that jurisdiction over him is not proper under the Massachusetts longarm statute or the Due Process Clause of the Fourteenth Amendment to the United States Constitution and that dismissal is also warranted under the doctrine of forum non conveniens.
Applicable Law
This court may exercise personal jurisdiction over a non-resident defendant if the assertion of jurisdiction is (1) authorized by the state’s longarm statute codified at G.L.c. 223A, §3(a)-(h); and (2) is consistent with the basic due process requirements mandated by the United States Constitution. Tatro v. Manor Care, Inc., 416 Mass. 763, 767 (1994); Morrill v. Tong, 390 Mass. 120, 129 (1983); Good Hope Industries, Inc. v. Ryder Scott Co., 378 Mass. 1, 6 (1979); Beaulieu v. Beaulieu, 46 Mass.App.Ct. 850, 851 (1999). When a defendant challenges the assertion of personal jurisdiction under Massachusetts Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing sufficient facts on which jurisdiction is based. Moriii, 390 Mass. at 129; Good Hope Industries, Inc., 378 Mass. at 3; Stanton v. AM Gen. Corp., 50 Mass App.Ct. 116, 117 (2000). In determining whether the plaintiff has satisfied its burden, all uncontroverted facts in the materials submitted before this Court are accepted as true. Windsor v. Windsor, 45 Mass.App.Ct. 650, 653 (1998). ‘Whether jurisdiction will be found is a determination sensitive to the particular facts of each case.” Morrill, 390 Mass. at 129; Windsor, 45 Mass.App.Ct. at 652.
Longarm Statute
The longarm statute, in pertinent part as asserted by the plaintiff, reads as follows:
A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person’s
(a) transacting any business in this commonwealth;
(b) contracting to supply services or things in this commonwealth;
Under the first two sections of that statute, the plaintiff must show not only that the defendant was either transacting business or contracted to supply *50 goods or services in the Commonwealth, but also that his claim arose from that transaction of business or from the contracting to supply goods or services in the Commonwealth. I do not find that Ryals transacted business within the Commonwealth, as that term is contemplated by the longarm statute. While Ryals apparently did engage in what would be considered business activities, such business was at his employer’s behest and not for his own purposes. Ryals’s work for Perkins in Massachusetts did not have the “purposeful intent” of availing himself of the privilege of conducting business activities within the Commonwealth. See Intech, Inc. v. Triple "C" Marine Salvage, 444 Mass. 122, 126 (2005). Furthermore, the claims of the plaintiff do not arise out of whatever business activities Ryals may have engaged in for Perkins.
Ryals did, however, contract to supply his services in Massachusetts. While the contract did not specifically mention that services were to be performed in Massachusetts, they were to be performed wherever Perkins played basketball. The plaintiff has sufficiently established that, at least for the 2006-2007 season, those services would be performed in Massachusetts, and that Ryals was aware of that at the time the contract at issue was signed. The dispute between these parties arises from that contract within the meaning of the statute.
Due Process Clause
“ ‘[T]he constitutional touchstone’ of the determination whether an exercise of personal jurisdiction comports with due process ‘remains whether the defendant purposefully established ’’minimum contacts" in the forum state.’ Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985), quoting International Shoe Co. v. Washington, 326 U.S. 310, 316, (1945) . . . [M]inimum contacts must have a basis in ‘some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.’ Burger King, 471 U.S. at 475." Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 108-09 (1987). The plaintiffs claim must arise out of, or relate to, the defendant’s forum contacts. See Burger King, 471 U.S. at 472.
In addition, the assertion of jurisdiction over the defendant must not offend “traditional notions of fair play and substantial justice.” International Shoe Co. v. Washington, supra at 316. In practical terms, this means that an assertion of jurisdiction must be tested for its reasonableness, taking into account such factors as the burden on the defendant of litigating in the plaintiffs chosen forum, the forum State’s interest in adjudicating the dispute, and the plaintiffs interest in obtaining relief. Tatro v. Manor Care, Inc., 416 Mass. 763, 773 (1994). There will be a significant burden on the defendant in defending this matter in Massachusetts. He and other important witnesses are residents of Texas. Getting witnesses to come to Massachusetts for deposition and/or trial will be difficult. As to the Commonwealth’s interest in adjudicating the dispute, the balancing is in favor of Texas as the forum with the greater interest in the adjudication of the dispute: the contract at issue was signed in Texas; three of the four signatories on the contract appear to be permanent Texas residents; the plaintiff is only a part-time resident of Massachusetts; at least some of the services covered by the contract would be provided in Texas; Texas law is likely to govern whether or not the contract is enforceable. While the plaintiffs interest in having the matter decided in a Massachusetts court is due some deference, the traditional notions of fair play, substantial justice, and reasonableness point to Texas as being the jurisdiction where this matter ought to be decided.
Forum Non Conveniens
Under Mass. Gen. Laws c. 223A, §5: “When the court finds that in the interest of substantial justice the action should be heard in another forum, the court may stay or dismiss the action in whole or in part on any conditions that may be just.” The principle which guides the analysis of the issue of dismissal is that “the plaintiff[s’] choice of forum should rarely be disturbed” unless the balancing of both the public and private factors strongly favors the defendant’s motion. Gulf Oil Corp. v. Gilbert, 330 Mass. 501, 508 (1947). That balancing cannot be governed by a formula but “depends greatly on the specific facts of the proceeding.” W.R. Grace & Co. v. Hartford Accident & Indemnity Co., 407 Mass. 572, 577 (1990). The inquiiy which the court must make “involves á two-step analysis; whether an adequate alternative forum is available, and if it is, whether private and public interests strongly favor litigating the claim in another forum.” Gianocostas v. Riu Hotels, S.A, 59 Mass.App.Ct. 753, 756-57 (2003).
There is an adequate alternative forum. The courts in Texas are more than adequate to decide the issues between and among the parties. The issues raised by the plaintiffs request for declaratory judgment can be raised and can be adjudicated in Ryals’s action brought in Texas.
In this case, both the private and public factors weigh heavily in favor of dismissal. The defendant is a resident of Texas, who has had some contacts with Massachusetts in the past, but whose residence has been in Texas, apart from the time periods when he was employed by Perkins to provide services in Massachusetts. While Perkins considers himself to be a Massachusetts resident, he resides for part of the year in Texas, has business entities in Texas, has family and advisors in Texas, and owns property in Texas. The agreement at issue has contacts with both Massachusetts and Texas, but was executed by Perkins in Texas.
*51 The plaintiff contends that Ryals and the other advisors misled him as to what he was signing when he executed the contract at issue in Texas. Testimony by the other participants in the contract formation and signing will be needed by the plaintiff and by the defendant to establish their respective positions. In a Massachusetts forum, there will be witnesses who are not amenable to compulsory process. Those witnesses are in Texas. There will be burdens on either side in litigating this matter in the other’s home court. The defendant will face greater inconvenience in traveling to Massachusetts for the purpose of litigating this case than the plaintiff would face in traveling to Texas, where the plaintiff has family, property, businesses and other significant ties.
The public concerns also favor the Texas forum. The contract has a more significant relationship to Texas than it does to Massachusetts. With respect to contract issues, Massachusetts follows a functional choice of law approach. “Conflict of laws issues are resolved by assessing various choice-influencing considerations, including those set forth in the Restatement (Second) of Conflict of Laws (1971) (“the Restatement”). Bushkin Assoc., Inc. v. Raytheon Co., 393 Mass. 622, 632 (1985). Using that approach, where, as here, there is no choice of law by the parties, their rights are determined by the law of the state which has the most significant relationship to the transaction and the parties under the principles stated under Section 6 of the Restatement. Id. In making that determination, the court takes into account: the place of contracting, the place of negotiation of the contract, the place of performance of the contract, the location of the subject matter of the contract, and the domicile, residence, nationality, and place of incorporation of the parties. Id. The contract was signed in Texas during a business meeting at which these parties, and other persons, were present. The contract was to be performed at least in part in both Massachusetts and in Texas. The parties to the contract are all Texas residents, although Perkins’s residence there is part-time. As noted above, those people whose testimony will be needed by the defendant or the plaintiff are residents of Texas and not subject to compulsory process.
Taking all of those factors into account, Massachusetts is not the appropriate forum for this litigation.
ORDER
For the foregoing reasons, judgment shall enter dismissing the plaintiffs complaint in this matter.