Fremont-Smith, Thayer, J.
Haffey Builders has brought this action to recover the amount it alleges is due it for extra work performed in the construction of an addition to, and for renovation of, the Careys’ residence. [1] The Careys move for summary judgment on Count III of the amended complaint, which seeks enforcement of a mechanic’s lien. The Careys also seek summary judgment on Count II of their counterclaim for violation of G.L.c. 142A (the Home Improvement Act) and on Counts III and IV for violations of G.L.c. 93A. Haffey Builders has filed a cross motion for summary judgment as to the validity and enforceability of its mechanic’s lien and on Counts II-IV of the Careys’ counterclaim for violations of the Home Improvement Act and of c. 93A.
*49 The Mechanic’s Lien
The Court finds, on the undisputed facts, that the mechanic’s lien is valid and enforceable.
While the mechanic’s lien statute, G.L.c. 254, §2, requires there have been a “written contract,” G.L.c. 254, §2A defines “written contract” for mechanic’s lien purposes as “any written contract enforceable under the laws of the Commonwealth.” The Statute of Frauds, G.L.c. 259, § 1, requires there have been “some memorandum or note thereof in writing and signed by the party to be charged . . .” The Court finds that here there was a series of written documents sufficient to satisfy the Statute of Frauds. (See documents described and cases cited in Haffey’s memoranda.)
The Court further finds that Haffey satisfied the requirements of G.L.c. 254, §11 by commencing an action within ninely days after filing the statement required by §8.[2] It then attempted to file and record a copy of the complaint in the Registry of Deeds within thirty days as required by G.L.c. 254, §5, but was unable to do so only because the Careys had immediately recorded the dismissal of the District Court action in order to thwart Haffey’s compliance with this requirement.[3] In this Court’s judgment the requirements of c. 254 should not be construed in a way which would permit the Careys to take advantage of their own obstructive tactics. Here, as in National Lumber Co. v. Lombardi, 64 Mass.App.Ct. 490 (2005), Haffey “did everything it reasonably could to achieve the requisite recording . . .” Id. at 498.
Accordingly, the Court denies the Careys’ motion as to Count III of the amended complaint and allows Haffey’s cross motion as to the validity and enforceability of the mechanic’s lien.
G.L.c. 142 (Home Improvement Act)
It is undisputed that the technical requirements of a contract under G.L.c. 142, §2 were not complied with so that summary judgment is allowed in defendants’ favor on Count II of the counterclaim establishing a violation of c. 142A. Liability is not established, however, as there still exists a dispute of fact as to whether any such violation was a proximate cause of any damages to the Careys.
Violation of G.L.c. 93A
Counts III and IV of the counterclaim allege violations of c. 93A against Haffey Builders, Inc. and against Haffey individually. While it is true that c. 142, § 17 provides that a violation of the Home Improvement Act constitutes an unfair or deceptive act under c. 93A, the Massachusetts courts have repeatedly held that a technical violation of similar statutes does not automatically constitute a violation of c. 93A. Rather, the particular circumstances of the case in question are to be considered. (See cases cited in Haffey’s opposition to defendants’ motion.) Moreover, for a violation of c. 93A to be established, it must be proved that plaintiffs’ violation of c. 142A was a proximate cause of injuiy to defendants, id., which is disputed here.
Accordingly, defendants’ motion for summary judgment on Counts III and IV of their counterclaim, is DENIED.
ORDER
Accordingly, after hearing, the plaintiffs’ motion for summary judgment on Count III of the amended complaint with respect to the mechanic’s lien, is ALLOWED. Defendants’ motion for summary judgment on Count II of the counterclaim is ALLOWED as to there having been a violation of the Home Improvement Act, but the issue of whether this caused, any injury to defendants is reserved for trial. Defendants’ motion for summary judgment on Counts III and IV of the counterclaim for violation of c. 93A is DENIED.

 Plaintiff alleges that $71,181.33 remains due.

 Haffey’s action was timely filed in the Waltham District Court. It is irrelevant that it was later dismissed without prejudice on jurisdictional grounds by the District Court, and had to be refiled in this Court, by which time more than 90 days had elapsed.

 The Registry refused to record the plaintiffs’ complaint because defendants had recorded the dismissal.